■ MICHAEL A. BARRETTA, Respondent, v WEBB CORPORATION, Appellant.—Order unanimously reversed on the law without costs, motion granted and cross motion denied. Memorandum: Supreme Court erred in granting plaintiff's cross motion to resettle its prior order. The purpose of resettlement is to revise an order to reflect the court's decision *(Gormel v Prudential Ins. Co.,* 167 AD2d 829; *see also, Rowlee v Dietrich,* 88 AD2d 751, 752; Siegel, NY Prac § 250 [2d ed]). Resettlement is not to be used to effect a substantive change in or to amplify the prior decision of the court *(Gormel v Prudential Ins. Co., supra; Foley v Roche,* 68 AD2d 558, 566). The court determined that the initial order, which directed plaintiff to comply with discovery demands on or before October 19, 1990, was consistent with its bench decision. Because the order did reflect the court's decision, resettlement was improper.

We further conclude that it was improvident for the court to deny defendant Webb's motion for an unconditional order of dismissal and instead grant a second conditional preclusion order. Unconditional dismissal is a sanction that may be imposed for a party's failure to comply with an order compelling disclosure *(see,* CPLR 3126 [3]), and such relief was particularly appropriate in this case in light of plaintiff's counsel's willful refusal to comply with disclosure demands and persistent pattern of dilatory and obstructive conduct *(see, Gaylord Bros. v RND Co.,* 134 AD2d 848). (Appeal from Order of Supreme Court, Herkimer County, Auser, J.—Dismiss Complaint.) Present—Denman, P. J., Callahan, Green, Pine and Balio, JJ.