(September 25, 1996)

■ Too Pyo Hong et al., Appellants, v Byung Wha Yoo et al., Respondents. [648 NYS2d 114] —In an action, *inter alia,* to compel specific performance of a contract, the individual plaintiffs appeal, as limited by their notice of appeal and brief, from so much of a resettled and amended judgment of the Supreme Court, Queens County (O'Donoghue, J.), dated November 28, 1994, as, upon the granting of the individual plaintiffs' motion to resettle and amend a judgment of the same court dated August 30, 1994, and upon the granting of an application by the individual defendant Byung Wha Yoo to amend the judgment dated August 30, 1994, directed that upon each of the individual plaintiffs being issued 40 shares of stock of the defendant Flushing North Plaza Corp., the provisions of the resettled and amended judgment awarding each individual plaintiff money damages payable by the individual defendant Byung Wha Yoo would be vacated.

Ordered that the resettled and amended judgment is reversed insofar as appealed from, on the law, with costs, the provision directing that upon each of the individual plaintiffs being issued 40 shares of stock of the defendant Flushing North Plaza Corp., the provisions of the resettled and amended judgment awarding each individual plaintiff money damages payable by the individual defendant Byung Wha Yoo would be vacated is deleted, and the application by the individual defen-

dant Byung Wha Yoo to amend the judgment dated August 30, 1994, is denied.

The individual plaintiffs and Byung Wha Yoo, the individual defendant, entered into an agreement under which, *inter alia,* the individual defendant was obligated to pay each of the individual plaintiffs $170,000 plus 10% interest from June 1, 1988. The agreement also provided, *inter alia,* that if the individual defendant defaulted in the payment of the money, then each of the individual plaintiffs would be entitled to the return of his or her shares of stock in the defendant Flushing North Plaza Corp., which shares were then being held in escrow. These shares were to be conveyed to the individual defendant after the individual plaintiffs received all money due under the agreement.

Upon the individual defendant's default in making the payments, the plaintiffs commenced this action, and thereafter moved for summary judgment on their first cause of action, which sought payment of the money to the individual plaintiffs. That motion, which was unopposed, also sought to compel the turnover of the shares of stock in the corporate defendant, which were then being held in escrow. The court determined the motion by a decision dated June 13, 1994, and entered judgment in accordance therewith. However, that judgment inadvertently failed to include an amount for the interest due to one of the individual plaintiffs.

Subsequently, the plaintiffs moved to resettle the judgment so as to include the omitted amount of interest. They also moved to amend the judgment to provide for the issuance of new shares of stock since the original shares which had been held in escrow could not be located. At that time, the individual defendant, who had not sought any alternative relief, submitted papers which did not explicitly oppose the relief sought by the plaintiffs. However, he alerted the court to the fact that the judgment which the plaintiffs sought to amend and resettle had awarded the plaintiffs not only money, but also the shares of stock. His papers requested that upon the issuance of shares to the plaintiffs, the provisions awarding them money damages should be vacated.

By order dated November 7, 1994, the Supreme Court granted the plaintiffs' motion to the extent of permitting resettlement and amendment as sought by the plaintiffs. The court directed the settlement of a resettled judgment but made no mention of the individual defendant's request. Notwithstanding the omission, the court, without further explanation, signed a resettled and amended judgment which, in effect,

granted the defendant's request by including a provision directing that if shares of stock are distributed to the individual plaintiffs, then the awards of money damages would be vacated.

The court erred by signing a resettled and amended judgment which included the provision appealed from. The purpose of resettlement is to revise an order to conform to the court's decision. Resettlement should not be used to effect a substantive change (see, Barretta v Webb Corp., 181 AD2d 1018; Gormel v Prudential Ins. Co., 167 AD2d 829; Foley v Roche, 68 AD2d 558, 566). Nor did the individual defendant formally move to amend the judgment to include the provision appealed from. In such a procedural posture it was improper to materially deviate from the terms of the decision, which did not grant such relief, by including such a provision. The individual defendant had charted his own procedural course and there was no reason for the court to relieve him of the untoward consequences thereof (see, e.g., Vasinkevich v Elm Drugs, 208 AD2d 522; D'Aloia v Travelers Ins. Co., 207 AD2d 820; Twelve Lions Renaissance Corp. v 684 Owners Corp., 157 AD2d 577). Finally, we note that in any event, the parties' agreement does not provide that the individual defendant is entitled to vacatur of the award of money damages to the plaintiffs upon issuance of the shares to them, i.e., the relief granted in the provision appealed from. Balletta, J. P., Santucci, Krausman and Florio, JJ., concur.