■ JOEL PAULL et al., Respondents, v FIRST UNUM LIFE INSURANCE COMPANY, Appellant, et al., Defendants. [701 NYS2d 545] —Order unanimously modified in the exercise of discretion and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs commenced this action alleging tort and breach of contract causes of action and seeking compensatory and punitive damages for nonpayment of disability insurance benefits upon policies issued by defendant First UNUM Life Insurance Company (UNUM) to plaintiff Joel Paull, M.D. Upon receiving UNUM's responses to their written

interrogatories and discovery demands, plaintiffs moved, *inter alia*, for further answers to the interrogatories and further production of documents. By order granted May 19, 1997, Supreme Court adjourned that application "for the attorneys to try to resolve [the matter] on their own". No resolution having been reached, plaintiffs moved on August 21, 1997 to compel depositions, answers to interrogatories, and document production. That motion resulted in an order granted March 16, 1998 directing UNUM to produce various witnesses for deposition, answer certain interrogatories, and produce certain documents. Upon receipt of the interrogatory responses and documents produced pursuant to that order, plaintiffs moved to sanction UNUM for its discovery misconduct. Plaintiffs sought an order striking UNUM's answer and directing UNUM to reimburse plaintiffs for the expense of all discovery motions in the action; to comply with all outstanding directives in the March 16, 1998 order; and to produce its "litigation files" relative to other similar claims pending against it, listed by UNUM in response to the March 16, 1998 order. The court granted plaintiffs' motion in its entirety.

We disagree with the contention of UNUM that the court's discovery sanction pursuant to CPLR 3126 constitutes an abuse of discretion. While "the harsh remedy of striking an answer should be granted only where it is conclusively shown that the discovery default was deliberate or contumacious" (*Gadley v U.S. Sugar Co.*, 259 AD2d 1041, 1042; *see, Forman v Jamesway Corp.*, 175 AD2d 514, 515; *Roof v Bogdanski*, 174 AD2d 1046), "it is equally well settled that where a party disobeys a court order, and by his or her conduct frustrates the disclosure scheme provided by the CPLR, dismissal of a pleading is within the broad discretion of the trial court" (*Castrignano v Flynn*, 255 AD2d 352, 353; *see, Frias v Fortini*, 240 AD2d 467; *Barretta v Webb Corp.*, 181 AD2d 1018, *lv dismissed* 80 NY2d 892). We conclude that some of UNUM's interrogatory and document discovery responses constitute deliberate and contumacious disregard of the March 16, 1998 order. Nevertheless, we exercise our discretion pursuant to our coordinate authority with the trial court (*see, Rankin v Miller*, 252 AD2d 863, 865) and modify the order by vacating the first ordering paragraph. We further modify the order by providing that all information concerning similar litigation against UNUM shall be kept confidential and not disclosed to anyone other than plaintiffs, their attorneys, and any retained expert who agrees in writing to such confidentiality. (Appeal from Order of Supreme Court, Erie County, Glownia, J.—Discovery.) Present—Pine, J. P., Hayes, Pigott, Jr., Hurlbutt and Callahan, JJ.