■ Patricia Kominik, Respondent, v Elias Rodriguez et al., Appellants, et al., Defendant. [710 NYS2d 911] —In an action, inter alia, to recover damages for personal injuries, the defendants Elias Rodriguez and Harbor View Transportation of Staten Island, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Hub-

sher, J.), dated October 5, 1999, as denied those branches of their motion which were for leave to renew their opposition to the plaintiff's prior motion for partial summary judgment, for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and to dismiss the complaint insofar as asserted against them pursuant to CPLR 3126 (3) for the plaintiff's willful failure to comply with disclosure.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied that branch of the appellants' motion which was for summary judgment on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). While the appellants made a prima facie showing that the plaintiff did not sustain a serious injury, the plaintiff submitted sufficient evidence to raise a triable issue of fact (*see, Moreno v Delcid,* 262 AD2d 464).

The court providently exercised its discretion in denying that branch of the appellants' motion which sought to dismiss the complaint pursuant to CPLR 3126 (3) based upon the plaintiff's failure to comply with certain discovery requests. The harsh remedy of striking a pleading should only be imposed when the conduct of a party is shown to be willful or contumacious (*see, Smith v New York Tel. Co.,* 235 AD2d 529). Such a showing was not made in this case.

The appellant's remaining contentions are without merit.

Since the plaintiff has not taken an appeal from that part of the order which, in effect, denied her application for sanctions, that issue is not properly before us. To the extent that the plaintiff seeks the imposition of sanctions on the appellants for their conduct in prosecuting this appeal, such relief is not warranted. Bracken, J. P., Ritter, Altman and Feuerstein, JJ., concur.