■ In the Matter of MICHAEL OKEBIYI, Respondent, v RUDOLPH CREW et al., Appellants. [757 NYS2d 299] —In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the appellant Barbara Byrd-Bennett, District Administrator of Community School District 17, dated March 27, 1995, which terminated the petitioner from the position of Director of Operations for that district, the appeal is from a judgment of the Supreme Court, Kings County (Garson, J.), dated April 4, 2001, which, in effect, granted the petition and awarded the petitioner back pay in the principal sum of $301,464.52 in accordance with two prior orders of the same court dated August 5, 1998, and November 10, 1999, respectively.

Ordered that the judgment is modified by deleting the provision thereof granting that branch of the petition which was for an award of back pay, and substituting therefor a provision denying that branch of the petition; as so modified, the judgment is affirmed, with costs to the appellants, and the orders dated August 5, 1998, and November 10, 1999, are modified accordingly.

In March 1998, based on evidence of fiscal mismanagement, the petitioner was terminated from his position as Director of Operations of Community School District 17 (see Okebiyi v Cortines, 167 Misc 2d 1008 [1996]). The Supreme Court erred in granting so much of the petitioner's motion which was to resettle an order dated February 8, 1996, to provide for an award of back pay. "The purpose of resettlement is to revise an order to conform to the court's decision. Resettlement should not be used to effect a substantive change" (Hong v Yoo, 231 AD2d 657, 659 [1996]; see also Barretta v Webb Corp., 181 AD2d 1018 [1992]; Gormel v Prudential Ins. Co. of Am., 167 AD2d 829 [1990]; Foley v Roche, 68 AD2d 558, 566 [1979]).

In any event, the petitioner was not entitled to back pay. Tenured employees of a school district are entitled to back pay during periods of either suspension or improper termination because such employees, by virtue of their tenured status, have a property interest in their salaries (see Matter of Hawley v South Orangetown Cent. School Dist., 67 NY2d 796 [1986]; Matter of Marconi v Board of Educ. of Seaford Union Free School Dist., 215 AD2d 659). However, as an at-will employee without tenure, the petitioner has no right to recover back pay (see Matter of Mateo v Board of Educ. of City of N.Y., 285 AD2d 552, 553 [2001]; Garner v Gunn, 131 AD2d 632 [1987]).

The appellants' remaining contentions are either without merit or need not be reached in light of our determination. S. Miller, J.P., Krausman, Goldstein and Rivera, JJ., concur.