■ EMIL SABETFARD, Appellant, v MARILYN G. SMITH, Respondent. [760 NYS2d 525] —In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Segal, J.), dated July 29, 2002, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint, and (2) from an order of the same court dated September 25, 2002, which denied his motion denominated as one for leave to reargue and renew, but which was, in effect, for leave to reargue.

Ordered that the appeal from the order dated September 25, 2002, is dismissed, as no appeal lies from an order denying leave to reargue; and it is further,

Ordered that the order dated July 29, 2002, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

To satisfy the statute of frauds, a "writing must set forth the entire contract with reasonable certainty so that the substance thereof appears from the writing alone * * * If the contract is incomplete and it is necessary to resort to parol evidence to ascertain what was agreed to, the remedy of specific performance is not available" (*O'Brien v West,* 199 AD2d 369, 370 [1993]). The real estate binder at issue was subject to the "[s]igning of a mutually acceptable Contract of Sale, in good faith, by all parties within seven days from the execution of this binder." It is apparent that the parties did not intend to be bound by the binder as to all essential terms of the conveyance of real property. Rather, the binder was a preliminary agreement to agree, which is unenforceable under the statute of frauds (*see Checkla v Stone Meadow Homes,* 280 AD2d 510 [2001]; *Ramos v Lido Home Sales Corp.,* 148 AD2d 598 [1989]). Therefore, the Supreme Court correctly granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.

Although the plaintiff's subsequent motion was denominated as one for leave to reargue and renew, that branch of the plaintiff's motion which was characterized as being for leave to renew was not based upon new facts which were unavailable at the time of the original motion. Such a motion is actually a motion for leave to reargue, the denial of which is not appealable (*see* CPLR 2221; *Marine Midland Bank v Freedom Rd. Realty Assoc.,* 203 AD2d 538 [1994]; *Mgrditchian v Donato,* 141 AD2d 513 [1988]).

The parties' remaining contentions are without merit. Altman, J.P., Florio, Adams and Rivera, JJ., concur.