■ MICHELE SIMON, Respondent, v MOHAMMAD MEHRYARI et al., Respondents, and COUNTY OF SUFFOLK et al., Appellants. [792 NYS2d 543]—

In an action to recover damages for personal injuries, the defendants County of Suffolk and the Suffolk County Department of Public Works appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Suffolk County (Lifson, J.), dated October 30, 2003, as granted the plaintiff's motion to resettle a prior order of the same court dated July 31, 2003, made upon a decision of the same court also dated July 31, 2003, and as denied their cross motion, denominated as one for leave to renew and reargue, but which was, in effect, solely a motion for leave to reargue their prior cross motion for summary judgment dismissing the complaint and all cross claims

insofar as asserted against them, and (2) an order of the same court dated February 23, 2004, as denied their motion to vacate the plaintiff's note of issue.

Ordered that the appeal from so much of the order dated October 30, 2003, as denied the appellants' cross motion denominated as one for leave to renew and reargue, but which was, in effect, solely a motion for leave to reargue their prior cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is dismissed, as no appeal lies from an order denying a motion for leave to reargue; and it is further,

Ordered that the order dated October 30, 2003, is affirmed insofar as reviewed; and it is further,

Ordered that the order dated February 23, 2004, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appellants' cross motion, denominated as one for leave to renew and reargue, was, in effect, solely a motion for leave to reargue (*see Sabetfard v Smith*, 306 AD2d 265, 266 [2003]). The appellants addressed the issue of signage in reply to the plaintiff's opposition to their original cross motion for summary judgment. They argued that the absence of signs would have made no difference because the accident was caused by the offending driver's negligence, and, erroneously, that the plaintiff had failed to adduce evidentiary proof of the absence of signs on the date of the accident. In support of their cross motion, denominated as one for leave to renew and reargue, the appellants again argued that the cause of the accident was the offending driver's negligence and that there were signs at the time of the accident, a proposition supported by the so-called new proof.

A motion for leave to reargue is not designed to allow a litigant to propound the same arguments the court has already considered, but to point out controlling principles of law or fact that the court may have overlooked (*see McGill v Goldman*, 261 AD2d 593, 594 [1999]). Even if the new affidavits supporting the old argument somehow transmuted the appellants' cross motion into one for renewal, it would have been properly denied for their failure to give a reasonable explanation for omitting this so-called new matter on the original motion (*see* CPLR 2221 [e] [3]; *Kingston v Brookdale Hosp. & Med. Ctr.*, 4 AD3d 397, 398 [2004]; *Sherman v Piccione*, 304 AD2d 552 [2003]; *Malik v Campbell*, 289 AD2d 540 [2001]).

The appellants also appeal from so much of the order dated

October 30, 2003, as granted the plaintiff's motion to resettle the order dated July 31, 2003. The decision of the same court also dated July 31, 2003, that resulted in that order focused on two aspects of the appellants' alleged negligence; (1) the absence of warning signs and a reasoned decision to explain why there were none, and (2) the lack of a study of signals at this intersection. Only the second issue—the omission of a study as "a reasoned determination or a [*sic*] unwitting adherence to a blanket policy" was mentioned in the order. Thus, it was appropriate for the plaintiff to move to resettle the order to include the first issue, as well, to be referred for immediate trial (*see* CPLR 3212 [c]) in order to conform the order to the decision. A motion for resettlement is designed not for substantive changes, but to correct errors or omissions in form, for clarification or to make the order conform more accurately to the decision (*see Hong v Yoo,* 231 AD2d 657, 659 [1996]; *Barretta v Webb Corp.,* 181 AD2d 1018 [1992]; *Foley v Roche,* 68 AD2d 558, 566 [1979]; Siegel, NY Prac § 250, at 404 [3d ed]).

The appellants make no argument addressed to the propriety of correcting the omission in the order dated July 31, 2003, confining themselves instead to contentions concerning the merits of their motion for summary judgment. Therefore, they have furnished us with no reason to disturb so much of the order dated October 30, 2003, as granted the plaintiff's motion to resettle. Their arguments directed to their motion for summary judgment are not properly before us (*see Kominik v Rodriguez,* 273 AD2d 358, 359 [2000]).

The note of issue was served on February 19, 2003. The motion to vacate it was not made until November 26, 2003. The Supreme Court providently denied this tardy motion (*see O'Connor v DeFuria,* 2 AD3d 424 [2003]).

We disregard the appellants' argument, made for the first time in their reply brief, that the Supreme Court, upon resettlement, changed the relief granted to the plaintiff "interject[ing] the issue of crosswalk warning signs into the case" (*see David B. v Millar,* 2 AD3d 763 [2003]; *Soon Rae Kim v Caesar Chemists,* 297 AD2d 797, 798 [2002]; *Coppola v Coppola,* 291 AD2d 477 [2002]). Adams, J.P., Santucci, Goldstein and Crane, JJ., concur.