■ In the Matter of Ron Bensoy et al., Appellants, v Raymond Kelly, as Police Commissioner of the City of New York, et al., Respondents. [793 NYS2d 46]—

Order, Supreme Court, New York County (William A. Wetzel,

J.), entered March 22, 2004, which denied petitioners' application to annul respondents' determination terminating petitioners' employment as probationary police officers, unanimously affirmed, without costs.

No material issue of fact as to whether respondents terminated petitioners in bad faith is raised by petitioners' disputed assertion that the positive hair sample drug tests, assertedly the basis for their termination, were tainted by improper collection procedures (*see Matter of Nixon v City of New York*, 262 AD2d 162, 163 [1999], citing *Matter of Johnson v Katz*, 68 NY2d 649 [1986]). In any event, petitioners' claim that their hair samples may have been intermingled with samples from other probationary officers is conclusively rebutted by respondents' evidence that no other probationary police officers tested positive for illegal drugs on the dates petitioners were tested. Nor is an issue of fact as to bad faith raised by petitioners' evidence of results of subsequent independent tests that were negative for the presence of illegal drugs. Administrative Code of the City of New York § 14-115 (a), relied on by petitioners in claiming back pay for their suspensions in excess of 30 days, applies to police officers who are disciplined following a conviction of a criminal or departmental offense. Here, petitioners were summarily dismissed. As probationary police officers, petitioners had no property interest in their employment and therefore no entitlement to back pay upon their termination (*see Matter of Okebiyi v Crew*, 303 AD2d 684 [2003]). Concur—Tom, J.P., Mazzarelli, Friedman, Gonzalez and Catterson, JJ.