■ In the Matter of LORRAINE WETZEL, Appellant, v TOWN OF ORANGETOWN et al., Respondents. [915 NYS2d 873]—

In a proceeding pursuant to CPLR article 78 to compel the respondent Town of Orangetown and its Supervisor and Town Board to produce certain documents pursuant to the Freedom of Information Law, the petitioner appeals from (1) an order and judgment (one paper) of the Supreme Court, Rockland County (Berliner, J.), dated April 11, 2008, which granted the respondents' motion to dismiss the proceeding, and dismissed the proceeding, and (2) an order of the same court dated September 24, 2009, which denied her motion, in effect, for leave to reargue her opposition to the respondents' motion.

Motion by the respondents, inter alia, to dismiss the appeal from the order and judgment (one paper) dated April 11, 2008, as untimely taken, and to dismiss the appeal from the order dated September 24, 2009, on the ground that the order is not appealable. By decision and order on motion of this Court dated June 2, 2010, that branch of the motion which was to dismiss the appeals was held in abeyance, and was referred to the Justices hearing the appeals for determination upon the argument or submission of the appeals.

Ordered that the branch of the motion which is to dismiss the appeals is granted; and it is further,

Ordered that the appeals are dismissed, with costs.

In the order and judgment appealed from, the Supreme Court granted the respondents' motion to dismiss the proceeding, and dismissed the proceeding. On April 3, 2009, the petitioner moved for the issuance of a judgment in her favor and an award of an attorney's fee, and submitted a proposed judgment determining the merits of the proceeding in her favor. The Supreme Court treated the motion as one, in effect, for leave to reargue, and, in an order dated September 24, 2009, denied the petitioner's motion. On November 6, 2009, the petitioner filed a notice of appeal from both the order and judgment and the order.

The respondents moved, inter alia, to dismiss the appeal from the order and judgment as untimely, and to dismiss the appeal from the order on the ground that no appeal lies from an order denying a motion for leave to reargue. In an order dated June 2, 2010, this Court held that branch of the motion in abeyance, and referred it to the panel of Justices hearing these appeals.

Pursuant to CPLR 5513 (a), a party must file a notice of appeal within 30 days after having been served with a copy of a judgment with written notice of its entry. A failure to properly file a notice of appeal requires dismissal of the appeal (see *Matter of Malik v Coughlin*, 127 AD2d 948, 949 [1987]; *cf. Dalton v City of Saratoga Springs*, 12 AD3d 899 [2004]). Here, the order and judgment was served with notice of entry on April 17, 2008,

but the petitioner did not file a notice of appeal until November 6, 2009, more than a year later. Thus, the appeal from the order and judgment must be dismissed.

Further, the appeal from the order dated September 24, 2009, must also be dismissed. Although the petitioner denominated her motion as one for the issuance of a judgment, as stated previously, the motion was, in effect, for leave to reargue her opposition to the respondents' motion. No appeal lies from an order denying a motion for leave to reargue (*see Sabetfard v Smith*, 306 AD2d 265, 266 [2003]; *Mgrditchian v Donato*, 141 AD2d 513 [1988]). Rivera, J.P., Leventhal, Hall and Roman, JJ., concur.