■ Frank R. Nicodemus, Respondent, v Elsa A. Nicodemus, Appellant. [3 NYS3d 64]—

In a matrimonial action in which the parties were divorced by judgment dated June 24, 2011, the defendant appeals from (1) an order of the Supreme Court, Dutchess County (Pagones, J.), dated February 26, 2013, which granted the plaintiff's motion to expunge from the record a certain mortgage held by the defendant against marital property, and, in effect, to declare it null and void, and for an award of counsel fees, (2) a declaratory and money judgment of the same court entered March 26, 2013, which declared that mortgage null and void, and awarded the plaintiff $2,000 in counsel fees and $100 in motion costs, and (3) a supplemental judgment of the same court, also entered March 26, 2013, which modified the judgment of divorce dated June 24, 2011, by excluding that mortgage from the definition of marital debt.

Ordered that the appeal from the order is dismissed, as that order was superseded by the declaratory and money judgment and the supplemental judgment; and it is further,

Ordered that the declaratory and money judgment and the supplemental judgment are affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

During the parties' marriage, they jointly owned a business that restored classic Cadillac automobiles. They also jointly owned a second business, Mid-Hudson Castle, Ltd. (hereinafter Mid-Hudson), that held title to property located on Route 376 in Wappingers Falls, which was used as a showroom for the restored automobiles. On October 2, 2003, the defendant borrowed the principal sum of $250,000, which was secured by a mortgage on the former marital residence on Diddell Road. The defendant loaned a portion of the money she had borrowed to Mid-Hudson to satisfy an existing mortgage on the Route 376 property, and make improvements to the showroom. On that same day, Mid-Hudson executed a mortgage in favor of the defendant encumbering the Route 376 property (hereinafter the subject mortgage). Although the subject mortgage is dated October 2, 2003, it was not recorded until more than eight years later.

At the trial of the parties' divorce action, the defendant testified that both the subject mortgage, and the mortgage on the former marital residence on Diddell Road, secured "the same debt," i.e, the $250,000 that she borrowed on October 2, 2003. The defendant further testified that she obtained the subject mortgage from Mid-Hudson in order to protect her interest in the Diddell Road property.

The parties were divorced by judgment dated June 24, 2011. The Supreme Court awarded the defendant the property on Diddell Road as her separate property, but awarded the plaintiff a $75,000 credit as his equitable share in the appreciation of that property. The court ruled that all liabilities relating to the property on Route 376 existing at the time of trial "constitute marital debt and are not the sole responsibility of either party and are subject to equitable distribution." It directed the sale of that property and other jointly owned property, with the defendant to receive 70% of the proceeds. This Court, on appeal, modified the defendant's share of marital property from 70% to 50% (see Nicodemus v Nicodemus, 98 AD3d 605 [2012]).

On August 23, 2012, eight days after this Court ruled on the appeal, the defendant recorded the subject mortgage. By letter dated November 12, 2012, the defendant demanded payment of $165,697.07 from the receiver of the marital property, within 10 days, and that, if payment were not received, the defendant would commence an action against the receiver to foreclose the subject mortgage. By order to show cause dated December 7,

2012, the plaintiff moved to expunge the subject mortgage from the record on the ground that the underlying debt should have been disposed of in the distributive award of the divorce judgment, and, in effect, to declare it null and void, and for an award of costs and counsel fees.

The Supreme Court, in its decision, classified the subject mortgage as a claim by the defendant that she held "a security interest as separate property in a marital asset." It found that the defendant was required to prove that claim at the trial of the divorce action, and failed to do so. The court declared the mortgage null and void on the ground that no documentary evidence of the subject mortgage was presented at the trial in the divorce action. The court further directed the defendant to pay the plaintiff $2,000 in counsel fees, and motion costs of $100. The defendant appeals.

Domestic Relations Law § 236 (B) (5) (a) requires that the court, in an action for a divorce, determine "the respective rights of the parties in their separate or marital property, and . . . provide for the disposition thereof in the final judgment" (see *Cudar v Cudar*, 98 AD3d 27, 32 [2012]). Indeed, in the context of a matrimonial action, the Court of Appeals has "recognized that a final judgment of divorce settles the parties' rights pertaining not only to those issues that were actually litigated, but also to those that could have been litigated" (*Xiao Yang Chen v Fischer*, 6 NY3d 94, 100 [2005]).

Here, the Supreme Court properly granted that branch of the plaintiff's motion which was to expunge the subject mortgage from the record, and, in effect, to declare it null and void, as the status of the subject mortgage was actually litigated at the divorce trial (see *Boronow v Boronow*, 71 NY2d 284, 287-291 [1988]; *Cudar v Cudar*, 98 AD3d at 31; see also Domestic Relations Law § 234). The defendant testified that the subject mortgage represented the same debt as a mortgage on her property on Diddell Road, which was awarded to her as her separate property. In the original judgment of divorce, the trial court determined that the property on Route 376 was to be sold, and the proceeds distributed between the parties, without any deduction in the plaintiff's share made for the mortgage held by the defendant. Thus, a determination was made, and the amount of the subject mortgage was not deducted from the value of the marital property. Moreover, in amending the judgment of divorce, the court properly exercised its authority pursuant to CPLR 5519 (a) to "correct errors or omissions in form, for clarification or to make the order conform more accurately to the decision" (*Simon v Mehryari*, 16 AD3d 664, 666 [2005]).

Further, under the circumstances of this case, the award of counsel fees was a provident exercise of discretion (*see* Domestic Relations Law § 237 [b]; *Bertone v Bertone*, 15 AD3d 326 [2005]). Balkin, J.P., Chambers, Hinds-Radix and Maltese, JJ., concur.