■ MARC RYAN JOSEPH, Appellant, v JAMIRUL BAKSH et al., Respondents. [28 NYS3d 697]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Ruchelsman, J.), dated December 12, 2013, which granted the defendants' motion to resettle an order of the same court dated July 26, 2013, denying the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, and thereupon granted the defendants' motion in part, and (2) an order of the same court dated March 13, 2014, which denied the plaintiff's motion, in effect, for leave to reargue his opposition to the defendants' motion to resettle the order dated July 26, 2013.

Ordered that the appeal from the order dated March 13, 2014 is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated December 12, 2013 is reversed,

on the law, and the defendant's motion to resettle the order dated July 26, 2013 is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff commenced this action to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. In an order dated July 26, 2013, the Supreme Court denied the defendants' motion. The court held, in relevant part, that "the plaintiff has raised questions of fact concerning the existence of a serious injury to the extent noted and consequently the motion for summary judgment is denied." The defendants did not appeal from this order.

The defendants then moved pursuant to CPLR 5019 (a) to resettle the order dated July 26, 2013, "so as to clarify [the Supreme] Court's ruling therein." They argued that the order was not clear as to whether it was denying their motion in part or in its entirety. The plaintiff opposed the motion. In an order dated December 12, 2013, the Supreme Court granted the defendants' motion to resettle, stating, in relevant part, that "questions of fact have only been raised regarding the plaintiff's left shoulder and right hip and evidence can only be introduced concerning those body parts. To this extent the motion is granted."

Resettlement is generally intended to remedy clerical errors or clear mistakes in an order or judgment when there is no dispute about the substance of what that order or judgment should contain (*see Salvati v Salvati*, 208 AD2d 516 [1994]). It may be used where the order improperly reflects the decision or fails to include necessary recitals, but cannot be used to obtain a ruling not adjudicated on the original motion or to modify the decision which has been made (*see Simon v Mehryari*, 16 AD3d 664 [2005]; *Too Pyo Hong v Byung Wha Yoo*, 231 AD2d 657 [1996]; *Dunlevy v Youth Travel Assoc.*, 199 AD2d 1046 [1993]; *cf. Nicodemus v Nicodemus*, 124 AD3d 849, 851 [2015]).

Here, in granting the defendants' motion to resettle the order dated July 26, 2013, the Supreme Court improperly changed the substance of that order. Although that order stated that the plaintiff had only raised triable issues of fact regarding certain body parts, it stated unambiguously that "the motion for summary judgment is denied." In granting the defendants' motion to resettle the order, the Supreme Court changed this outcome by, in effect, granting the motion to the extent that it

related to body parts other than the plaintiff's left shoulder and right hip. This is not the correction of a clerical error. Accordingly, the Supreme Court should have denied the defendant's motion. Dillon, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.