Renaud v Renaud (2021 NY Slip Op 04624)





Renaud v Renaud


2021 NY Slip Op 04624


Decided on August 4, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 4, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
PAUL WOOTEN, JJ.


2019-08076
 (Index No. 3189/16)

[*1]Annette Renaud, respondent, 
v
Lisa A. Renaud, appellant.


Rottenberg Lipman Rich, P.C., New York, NY (Harry W. Lipman and C. Zachary Rosenberg of counsel), for appellant.
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Brooklyn, NY (Andrea J. Caruso of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 for declaratory relief, the defendant appeals from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated May 1, 2019. The order, insofar as appealed from, in effect, granted that branch of the plaintiff's motion which was to resettle a prior order of the same court dated July 17, 2017, as amended September 17, 2018, and thereupon deleted a provision in the order dated July 17, 2017, as amended, directing that the defendant shall receive $284,069.66 of the proceeds from the sale of the subject property before the remainder is split equally between the plaintiff and the defendant.
ORDERED that the order dated May 1, 2019, is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was to resettle the order dated July 17, 2017, as amended September 17, 2018, is denied, and the provision in the order dated July 17, 2017, as amended September 17, 2018, directing that the defendant shall receive $284,069.66 of the proceeds from the sale of the subject property before the remainder is split equally between the plaintiff and the defendant is reinstated.
The plaintiff commenced this action against the defendant, seeking, among other things, a judgment declaring that she had an equitable interest in certain real property located in Brooklyn (hereinafter the subject property). The defendant asserted a counterclaim for an accounting and the partition and sale of the subject property. The plaintiff defaulted in replying to the counterclaim. Thereafter, the defendant moved, inter alia, for a default judgment against the plaintiff on her counterclaim, as well as a monetary award of "$284,069.66 of the proceeds of the sale of the
[subject property] before the remainder is split equally between" the plaintiff and the defendant. The plaintiff did not oppose the motion.
At an appearance on May 26, 2017, the defendant's counsel announced that she and the plaintiff's then counsel reached an agreement for the Supreme Court to grant "all the relief" the defendant sought. The court granted the defendant's motion in part and issued an order dated July 17, 2017, awarding most of the relief the defendant sought in her motion, including the monetary award. In an order dated September 17, 2018, the court amended the order dated July 17, 2017, by naming a referee to conduct an accounting of lienholder interests.
The plaintiff, represented by new counsel, thereafter moved, inter alia, to resettle the order dated July 17, 2017, as amended September 17, 2018, so as to vacate the monetary award. She [*2]argued that the transcript of the May 26, 2017 appearance did not show that the Supreme Court granted that branch of the defendant's motion which was for a monetary award and did not otherwise show that she consented to it. The court agreed, albeit because in its view the parties did not intend to stipulate to the monetary award. In an order dated May 1, 2019, the court, in effect, granted that branch of the plaintiff's motion which was to resettle the order dated July 17, 2017, as amended, and thereupon deleted the provision directing that the defendant shall receive $284,069.66 of the proceeds from the sale of the subject property before the remainder is split equally between the plaintiff and the defendant. The defendant appeals.
"Resettlement is generally intended to remedy clerical errors or clear mistakes in an order or judgment when there is no dispute about the substance of what that order or judgment should contain" (Joseph v Baksh, 137 AD3d 1220, 1221; see Salvati v Salvati, 208 AD2d 516, 516). "It may be used where the order improperly reflects the decision or fails to include necessary recitals, but [it] cannot be used to obtain a ruling not adjudicated on the original motion or to modify the decision which has been made" (Joseph v Baksh, 137 AD3d at 1221; see CPLR 5019[a]; Simon v Mehryari, 16 AD3d 664, 666).
Here, by, in effect, granting that branch of the plaintiff's motion which was to resettle the order dated July 17, 2017, as amended, the Supreme Court improperly changed the substance of that order. The plaintiff failed to submit an opposition to the defendant's motion, and her former counsel did not in any way qualify the stipulation to grant the defendant "all the relief" she sought. Thus, there is no inconsistency between the May 26, 2017 transcript and the order dated July 17, 2017, as amended. The court's determination, in effect, to reform the parties' open court stipulation upon its finding that the parties did not intend to agree to the monetary award effectuated a substantive change in the parties' rights, rather than the correction of a clerical error. Accordingly, the court improperly granted that branch of the plaintiff's motion which was to resettle the order dated July 17, 2017, as amended.
The defendant's remaining arguments are academic.
DILLON, J.P., AUSTIN, DUFFY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court