Savino v Savino (2023 NY Slip Op 03715)

Savino v Savino

2023 NY Slip Op 03715

Decided on July 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
LILLIAN WAN, JJ.

2018-10725
 (Index No. 50869/05)

[*1]James Savino, respondent-appellant,
v
Anne Savino, appellant-respondent.

Robert J. Fileccia, Staten Island, NY, for appellant-respondent.
Michael P. Biancanello, Valley Stream, NY, for respondent-appellant.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by a judgment dated November 14, 2011, the defendant appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Richmond County (IDV Part) (Catherine M. DiDomenico, J.), dated June 21, 2018. The order, insofar as appealed from, after a hearing, granted those branches of the plaintiff's motion which were for an award of interest on moneys that were not timely disbursed to him by the defendant, for an award of counsel fees and, in effect, to distribute the proceeds of the sale of the marital residence without crediting the defendant for certain alleged payments that she made toward the maintenance of the marital residence. The order, insofar as cross-appealed from, (1) upon granting that branch of the plaintiff's motion which was, in effect, to modify the judgment of divorce so as to permit the plaintiff the opportunity to purchase the defendant's interest in certain marital real property, directed the re-appraisal of said real property prior to the purchase to determine the property's current value, and (2) denied those branches of the plaintiff's motion which were for an award of interest on the proceeds of the sale of the marital residence and for an award of maintenance arrears.
ORDERED that the order is modified, on the law and the facts, by deleting the provision thereof granting that branch of the plaintiff's motion which was, in effect, to distribute the proceeds of the sale of the marital residence without crediting the defendant for certain alleged payments that she made toward the maintenance of the marital residence, and substituting therefor a provision granting that branch of the plaintiff's motion which was, in effect, to distribute the proceeds of the sale of the marital residence, with a credit to the defendant in the amount of $74,099.43 pursuant to an amended decision and order dated October 28, 2010, and the parties' judgment of divorce; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the defendant.
The parties were married in January 1987, and the plaintiff commenced this action for a divorce and ancillary relief in September 2005. A trial was held between October 26, 2009, and December 8, 2009, and a referee's amended decision and order dated October 28, 2010, was issued determining the equitable distribution of the parties' marital property. The parties were divorced by judgment dated November 14, 2011, and the referee's decision and order was incorporated but not merged into the judgment.
In May 2013, the plaintiff moved, inter alia, to enforce certain equitable distribution provisions of the judgment of divorce. In an order dated June 21, 2018, after a hearing, the Supreme Court (1) granted that branch of the plaintiff's motion which was, in effect, to distribute the proceeds of the sale of the marital residence without crediting the defendant for certain alleged payments that she made toward the maintenance of the marital residence; (2) granted that branch of the plaintiff's motion which was for an award of one-half of the amount that the defendant had withdrawn from a marital account, with interest; (3) denied that branch of the plaintiff's motion which was for an award of interest on the proceeds of the sale of the marital residence and maintenance arrears; (4) granted that branch of the plaintiff's motion which was, in effect, to modify the judgment of divorce so as to permit the plaintiff the opportunity to purchase the defendant's interest in certain marital real property, but ordered that the property must first be re-appraised to determine the property's current value; and (5) granted that branch of the plaintiff's motion which was for an award of counsel fees. The defendant appeals, and the plaintiff cross-appeals.
"[G]enerally, it is the responsibility of both parties to maintain the marital residence . . . during the pendency of a matrimonial action" (Hymowitz v Hymowitz, 119 AD3d 736, 741 [internal quotation marks omitted]). "Where . . . a party has paid the other party's share of what proves to be marital debt, such as the mortgage, taxes, and insurance on the marital residence, reimbursement is required" (Le v Le, 82 AD3d 845, 846). Here, the defendant was not entitled to a credit for alleged payments she made towards the line of credit, property taxes, dues, insurance, or repairs to the marital residence made after the issuance of the judgment of divorce, as she failed to submit evidence of these payments at the hearing. However, the Supreme Court erred in failing to credit the defendant, from the proceeds of the sale of the marital residence, those credits that she was awarded for household repairs, property taxes, and homeowner's fees and special assessments in the referee's amended decision and order dated October 28, 2010, which was incorporated but not merged into the parties' judgment of divorce. Accordingly, the order is modified so as to provide a credit to the defendant in the amount of $74,099.43, pursuant to the referee's decision and order dated October 28, 2010, and the parties' judgment of divorce.
The Supreme Court providently exercised its discretion in awarding the plaintiff interest on the distribution of the parties' marital account. "Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an act of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion" (CPLR 5001[a]). "The exercise of the court's discretion in determining the appropriate interest is governed by the particular facts in each case" (U.S. Bank, N.A. v Peralta, 191 AD3d 924, 926). Here, the record indicates that the defendant wilfully violated the referee's amended decision and order dated October 28, 2010, by failing to distribute the contents of the account equally, and instead liquidating the account and denying the plaintiff access to his portion of the proceeds. Accordingly, an award of interest on the plaintiff's portion of the proceeds was proper in this matter.
The Supreme Court properly awarded the plaintiff counsel fees expended in litigating his motion, inter alia, to enforce the judgment of divorce (see Domestic Relations Law § 237[c]). The defendant waived her right to a hearing on the reasonableness of the plaintiff's counsel fees, as she did not object to their reasonableness with specificity (see Beal v Beal, 196 AD2d 471, 473).
The plaintiff's request for an award of maintenance arrears was properly denied pursuant to the doctrine of res judicata. "[I]n the context of a matrimonial action, the Court of Appeals has 'recognized that a final judgment of divorce settles the parties' rights pertaining not only to those issues that were actually litigated, but also to those that could have been litigated'" (Nicodemus v Nicodemus, 124 AD3d 849, 851, quoting Xiao Yang Chen v Fischer, 6 NY3d 94, 100). The plaintiff provides no explanation as to why this issue, which he alleged arose in April 2009, was not addressed at the parties' trial later that year.
The Supreme Court did not improvidently exercise its discretion in ordering a re-appraisal of the parties' additional real property, as permitting the plaintiff to purchase the [*2]defendant's interest in the property based upon a stale appraisal would have prejudiced the defendant (see Opperisano v Opperisano, 35 AD3d 686, 688).
The parties' remaining contentions are without merit.
DUFFY, J.P., WOOTEN, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court