Matter of Sachs (2024 NY Slip Op 02263)

Matter of Sachs

2024 NY Slip Op 02263

Decided on April 25, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 25, 2024

Before: Webber, J.P., Friedman, González, Rosado, Michael, JJ. 

Index No. 500001/21 Appeal No. 2141-2142 Case No. 2022-04682 2023-01302 

[*1]In the Matter Laura Ann Sachs, et al., Petitioners, Allan Preston Sachs-Ambia, Petitioner-Appellant, For the Appointment of a Guardian for the Person and Property of H.M. Also Known as H.A.M., An Incapacitated Person, Respondent-Respondent. 

Edward M. Shapiro, New York, for appellant.
Van Leer & Greenberg, New York (Evan Van Leer Greenberg of counsel), for respondent.

Order, Supreme Court, New York County (Carol Sharpe, J.), entered September 30, 2022, which, insofar as appealed from as limited by the briefs, granted the motion of respondent for a protective order regarding audio recordings and transcripts of certain conversations in her home, and to remove petitioners Laura Ann Sachs and Allan Preston Sachs-Ambia as co-Guardians of the Person and Property of respondent, the Incapacitated Person, and denied the cross-petition to appoint petitioner Allegra Soler Guardian if petitioners Laura Ann Sachs and Allan Preston Sachs-Ambia were removed, unanimously modified, on the law, to deny the motion to remove the co-Guardians, and otherwise affirmed, without costs. Order, same court and Justice, entered January 3, 2023, which, insofar as appealable, denied petitioners' motion to resettle the court's September 30, 2022 order and for leave to renew, unanimously affirmed, without costs.
The rationale cited by the court for removal of the Guardians was flawed. The court suggested that a provision in the Trust documents eliminating respondent's power to remove petitioners as Trustees of the Trust if she was found to be incapacitated motivated them to initiate the guardianship proceeding. However, after presentation of medical and other evidence, the court determined that respondent was an Incapacitated Person (IP) and appointed them co-Guardians. Thus, the initiation of the guardianship proceeding was found to be justified based on respondent's condition, and the court did not consider the Trust provision a disqualification to their appointment as co-Guardians.
The court next cited the Guardians' irrational fear that a friend of respondent and others would induce her to change her will and make them beneficiaries of her estate. However, evidence was presented by respondent's longtime Trusts and Estates attorney that she lacked testamentary capacity. Thus, the fear was unwarranted. In any event, nothing in the record suggests that those fears had a detrimental effect on respondent. Restricting her social activities during the Covid-19 pandemic seems prudent.
The court also cited as a ground for removal respondent's expressed desire that her grandchildren, the co-Guardians, not have the power to restrict her activities. However, there is an established preference that a relative be appointed guardian unless it is impossible to find within the family circle, or their nominees, one who is qualified to serve (see Matter of Gustafson, 308 AD2d 305, 308 [1st Dept 2003]). This preference may be overridden by a showing that the proposed guardian has rendered inadequate care to the IP, has interests adverse to the IP, or is otherwise unsuitable to exercise the powers necessary to assist the IP (see Matter of Chase, 264 AD2d 330, 331 [1st Dept 1999]). No such showing was made here. The numerous deficiencies cited by respondent in her motion papers appear to be minor, were adequately explained by the co-Guardians, and the problems [*2]that were identified were promptly addressed by them (see Matter of Hutchinson, 202 AD3d 534, 535 [1st Dept 2022]). Respondent's dissatisfaction and the stress that it induced resulted from the constraints of a guardianship, not the Guardians. The court did not cite any conduct on the part of the Guardians that was not in the best interests of respondent or inconsistent with their fiduciary responsibilities (Mental Hygiene Law § 81.35).
The court properly declined to admit into evidence audio recordings and transcripts of those recordings that contained conversations between respondent and others in her apartment because petitioner admitted that he edited the recordings and saved only the portions he deemed relevant.
Resettlement was properly denied because the proposed changes to the court's September 30, 2022 order were in dispute (see Joseph v Baksh, 137 AD3d 1220, 1221 [2d Dept 2016]). Renewal was also correctly denied as petitioner did not present new facts that would change the prior determination (CPLR 2221[e][2], [3]).
The issue of counsel fees was not ripe at the time of petitioner's motion for renewal, and he did not seek this relief in his original motion.
We have considered the remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 25, 2024