| |
|---|
| **Pierre v Sunrise Med. Labs.** |
| 2025 NY Slip Op 31171(U) |
| April 8, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 502304/2013 |
| Judge: Consuelo Mallafre Melendez |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part 15 of the Supreme
Court of the State of NY, held in and for
the County of Kings, at the Courthouse,
at 360 Adams Street, Brooklyn, New
York, on the 8th day of April 2025.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

------------------------------------------------------------------------X

MADIOU PIERRE, as Administrator of the Estate of
CLOTILDE PIERRE,

        Plaintiff,

  -against-

SUNRISE MEDICAL LABORATORIES, NING CAI, M.D.,
GOLDA SIMPSON, CT (ASCP), ELISABETH CAPPELLO,
CT (ASCP), JOHN LoFRANCO, CT (ASCP), ELLEN J.
ARKIN, CT (ASCP), SANDRA ABO, CT (ASCP), PETER
HOLDEN, M.D., JOHN DOE 1 through JOHN DOE 20 and
JANE DOE 1 through JANE DOE 20 (the names being
fictitious and presently unknown to plaintiff, but intended to be
doctors, technicians and/or other persons who reviewed
CLOTILDE PIERRE's pathology slides,

        Defendants.

------------------------------------------------------------------------X

**DECISION & ORDER**

Index No. 502304/2013
 Mo. Seq. 11

**HON. CONSUELO MALLAFRE MELENDEZ, J.S.C**.

Recitation, as required by CPLR §2219 [a], of the papers considered in the review:

<u>NYSCEF #s:</u> 259 – 261, 262 – 270, 271, 272 – 273, 274 – 279

Plaintiff moves (Seq. No. 11) for an Order, pursuant to CPLR 5019 (a), to "correct and

resettle" a prior decision and order signed on January 27, 2021 by the Hon. Bernard J. Graham in

this action, and to restore this action to the trial calendar.

Defendants Sunrise Medical Laboratories ("Sunrise Labs"), Golda Simpson, CT

("Simpson"), Elizabeth Cappello, CT ("Cappello"), John Lofranco, CT ("Lofranco"), Ellen J.

Arkin, CT ("Arkin"), and Sandra Abo, CT ("Abo") oppose the motion.

1

[* 1]

This action was first commenced by Plaintiff on May 2, 2013, asserting medical malpractice and wrongful death claims against the movants and others. The Note of Issue was filed on December 21, 2016. All defendants moved for summary judgment.

Plaintiff filed a so-ordered stipulation of discontinuance dated August 18, 2017, which discontinued this action and/or individual claims against multiple defendants, including Sunrise Labs, Cappello, Lofranco, Arkin, and Abo (*see* NYSCEF Doc. 246). Per the stipulation, two pending summary judgment motions (Seq. No. 8 & 9) were marked withdrawn on August 18, 2017. The withdrawn motions were on behalf of Sunrise Labs, Cappello, Lofranco, Arkin, Abo, Golda Simpson, CT, and Ning Cai, M.D.

The action was then automatically stayed beginning in September 2017, pursuant to bankruptcy proceedings of defendant Peter Holden, M.D.'s ("Dr. Holden") insurer. The stay was lifted in January 2020.

Dr. Holden's motion for summary judgment (Seq. No. 10) was decided on January 27, 2021 by Justice Bernard Graham. In a footnote, the decision stated that "Plaintiff discontinued, with prejudice, all claims against defendants, other than the movant, on August 18, 2017 by a so-ordered stipulation of discontinuance." The decision and order granted summary judgment to Dr. Holden on the merits and concluded that Dr. Holden's motion was "granted in its entirety, and the action is dismissed." This decision and order was entered in NYSCEF on February 3, 2021. Plaintiff did not appeal this Order, nor did they move to re-argue the decision.

Now, Plaintiff filed a motion on January 29, 2025 to resettle and correct a "mistake, defect, or irregularity" in the 2021 decision and order, to the extent the decision stated all defendants other than Dr. Holden were discontinued and the action was dismissed in its entirety. Plaintiff contends that pursuant to the August 2017 Stipulation, some claims against Sunrise

2

[* 2]

Labs, Cappello, Lofranco, Arkin, and Abo remained active, and that the Court made a mistake in the footnote by misinterpreting the Stipulation. They argue that the mistake can be corrected pursuant to CPLR 5019 (a), and that the Order should be resettled and the action restored to the calendar as to those defendants.

In opposition, the defendants argue that this motion to modify the previous order and restore the action to the calendar is untimely, made <u>four years</u> after the action was disposed. They also argue that the remedy sought affects their substantial rights, precluding the use of CPLR 5019 (a).

Plaintiff refers to this motion as an application to "resettle" the prior order or judgment. Pursuant to CPLR 5019, "trial and appellate courts have the discretion to cure mistakes, defects and irregularities that do not affect substantial rights of parties" (*Kiker v Nassau County,* 85 NY2d 876 [1995]). This relief may be sought at any time to correct a clerical mistake or defect, such as to align a judgment more accurately with the intention of the parties and the court (*see Ayrovainen v Ayrovainen,* 94 AD3d 922, 922 [2d Dept 2012]). However, "(a) motion for resettlement is designed not for substantive changes, but to correct errors or omissions in form, for clarification or to make the order conform more accurately to the decision" (*Simon v Mehryari,* 16 AD3d 664, 666 [2d Dept 2005]). "Resettlement is generally intended to remedy *clerical errors or clear mistakes* in an order or judgment when there is *no dispute about the substance* of what that order or judgment should contain. It may be used where the order improperly reflects the decision or fails to include necessary recitals, but cannot be used to obtain a ruling not adjudicated on the original motion or to modify the decision which has been made." (*Joseph v Baksh,* 137 AD3d 1220, 1221 [2d Dept 2016], citing *Simon,* 16 AD3d 664 [emphasis added]).

3

[* 3]

It is well established that resettlement is not an appropriate remedy where it constitutes "a substantive change" in the judgment (*Renaud v Renaud,* 197 AD3d 515, 517 [2d Dept 2021]). Judicial errors in a "matter of substance" must be "corrected either by the vacating of the judgment or by an appeal" (*Herpe v Herpe,* 225 NY 323, 327 [1919]). The Second Department has more recently clarified that CPLR 5019 (a) is "a quiet and infrequently used statute" meant to "correct minor mistakes, defects, or irregularities" (*Sokoloff v Schor*, 176 AD3d 120, 130 [2d Dept 2019]). "When properly utilized, the statute . . operates as a safety net for jurists to correct clerical type errors . . . such as mathematical errors in calculations. Conversely, CPLR 5019(a) cannot be used by courts to sua sponte correct errors that involve new exercises of discretion or fact-finding, vacating prior orders or judgments, reconsidering the merits of summary judgment, or adding the words that a judgment is 'with prejudice.'" (*Id.* [internal citations omitted].) The court then held that "even with notice to the parties and an opportunity to be heard," CPLR 5019 (a) does not give a trial court authority "to correct by amendments any errors of substance in prior orders or judgments" (*id.,* at 132).

Thus, "[w]here a movant seeks to change an order or judgment in a substantive manner, rather than correcting a mere clerical error, CPLR 5019 [a] is not the proper procedural mechanism to be employed, and relief should be sought through a direct appeal or by motion to vacate pursuant to CPLR 5015 [a]" (*Chmelovsky v Country Club Homes, Inc.,* 111 AD3d 874, 875 [2d Dept 2013]). "Alternatively, a substantive correction to an order or judgment can be accomplished by a party's timely motion to reargue under CPLR 2221 [d]" (*Sokoloff,* at 133).

Here, the change sought by Plaintiff concerns the part of the order which deemed all claims in this action against Sunrise Labs, Cappello, Lofranco, Arkin, and Abo were discontinued with prejudice. The change would in effect reinstate the action as to specific

4

[* 4]

allegations against these defendants. However, the fact the explanation appeared in a footnote does not negate the fact that this would be a *substantive change* to the order, affecting the substantial rights of the opposing side, not merely the correction of a clerical error to conform with the parties' intentions. The movant is effectively seeking to *reinstate* claims and causes of action against defendants which were disposed (*see Chmelovsky*, at 874). This is completely beyond the parameters of CPLR 5019 (a). Further, as it clearly goes beyond a mere clerical error or minor undisputed defect, this Court lacks "revisory or appellate authority" to change the prior decision in this matter (*Sokoloff*, at 132). For these reasons, Plaintiff's motion to "resettle" pursuant to CPLR 5019 is denied.

This Court agrees with the opposing parties that Plaintiff's proper remedies to modify the January 27, 2021 decision would be untimely at this stage. A motion to reargue under CPLR 2221 (d), based on matters of fact or law "overlooked or misapprehended by the court," must be made within 30 days after entry of the order. Assuming the justice overlooked/misapprehended the facts and incorrectly interpreted the text of the August 2017 Stipulation, that court's decision and order was entered on February 3, 2021, and Plaintiff's 30 days to reargue and/or appeal has long expired.

Plaintiff's request to restore the action "within a year of its being marked off the calendar" under CPLR 3404 must also be denied as legally inapplicable and factually baseless. That statute expressly relates to cases struck from the trial calendar for failure to appear or proceed, which may be restored within one year or dismissed as "abandoned."

This action was dismissed on the merits by the January 27, 2021 summary judgment motion, not marked off for default or compliance reasons. In its summary judgement Decision and Order dismissing the case, the prior assigned justice held that no issues of fact remained as to

5

[* 5]

any outstanding claims or defendants. The relevant section was not a "mere footnote" as stated by Plaintiff, but the final paragraphs of the decision which clearly stated that "the action is dismissed." There was no surviving action to be restored.

Furthermore, Plaintiff's contention that it has been less than one year since the action was "disposed" on June 19, 2024 is not supported by their own submissions. Their sole basis for this claim is an eLaw email dated June 19, 2024 stating they would no longer receive email alerts, yet Plaintiff submitted several other emails from the official court e-tracking system dating back to April 29, 2021. Those earlier emails consistently include "Disposition Date: 01/27/21" (*see* NYSCEF Doc. No. 269). The court emails also include the status of all motions, showing Motions 8 & 9 were "Withdrawn" and Motion 10 was decided on January 27, 2021. Plaintiff had ample notice their case was dismissed and disposed in 2021. There is no evidence it was ever marked "active" after that date.

In sum, the Court finds this action was dismissed upon summary judgment and not "marked off" procedurally. Therefore, the part of the motion seeking to restore the action to the calendar on the basis of CPLR 3404 is also inapplicable.

Accordingly, Plaintiff's motion must be denied in all respects, and it is hereby:

**ORDERED** that Plaintiff's motion (Seq. No. 11) is **DENIED** in its entirety**.**

This constitutes the decision and order of this Court.

**ENTER.**

_____

**Hon. Consuelo Mallafre Melendez**

**J.S.C.**

6