16 N.Y.2d 524 (1965)
In the Matter of Ess Pee Bee Realty Corp., Respondent,
v.
Hortense W. Gabel, as City Rent and Rehabilitation Administrator, Appellant.
Court of Appeals of the State of New York.
Argued March 15, 1965.
Decided April 22, 1965.
Florence R. Zimmerman and Beatrice Shainswit for appellant.
Robert S. Fougner for respondent.
Judges FULD, VAN VOORHIS, BURKE and SCILEPPI concur in MEMORANDUM; Judge BERGAN dissents and votes to reverse in an opinion in which Chief Judge DESMOND and Judge DYE concur.
*525 MEMORANDUM:
The order of the Appellate Division should be affirmed, with costs, for the reasons stated in the majority opinion at the Appellate Division.
BERGAN, J. (dissenting).
We are dealing with two separate applications for two different rent increases, at periods two years apart, to be effective at different times. Even if there *526 were no statutory change, it is doubtful if the rule of res judicata applies fully in administrative determinations. The decision in Matter of Evans v. Monaghan (306 N.Y. 312) is not a holding the other way. It is a holding that the prior determination there considered was not binding on the Commissioner in the light of newly available facts  the willingness of the main witness to testify where he had refused before. See, also, in this connection Stern Bros. v. New York Edison Co. (251 App. Div. 379).
It was, however, expressly the legislative purpose in transferring the rent control from the State to the city agency that the decisions of the former were not to be deemed binding on the latter and not to be treated on the principle of res judicata.
The transfer statute (L. 1962, ch. 21, § 1, subd. 6) expressly provided that "such city housing rent agency is hereby authorized and empowered, from time to time, to adopt, promulgate, amend or rescind rules, regulations and orders under the state emergency housing rent control law and the validity of such rules, regulations and orders shall not be affected by and need not be consistent with the rules, regulations and orders of the temporary state housing rent commission under such law."
Thus the power of the City Administrator is very similar to the express statutory power given to the Comptroller that, in determining employee disability, his decision need not be consistent with workmen's compensation decisions based on the same accident of the same employee with the same employer (State) which was upheld in Matter of McCadden v. Moore (301 N.Y. 760). See, also, on this Matter of Croshier v. Levitt (5 N Y 2d 259) and Matter of Owens v. McGovern (309 N.Y. 449).
There is, too, an intervening different statute upon which the merits of the later application were based. In the first place, the 1962 city statute required use of the current assessed value as a base rather than the former equalized assessed value and it restored the pre-1957 discretion of the agency to accept or reject sales price as a basis of value.
Thus the authority of the City Administrator, as well as the base of her authority, was different and broader than that on which the State Rent Commission was required to act on the first application on August 27, 1959. (See McGillis v. McGillis, 154 N.Y. 532, 543.)
*527 The order should be reversed and the order at Special Term reinstated.
Order affirmed, with costs, in a memorandum.