In the Matter of ALTONA CITIZENS COMMITTEE, INCORPORATED, et al., Appellants, v WILLIAM C. HENNESSY, as Commissioner of the Department of Transportation of the State of New York, et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered January 29, 1980 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to declare an order of the New York State Department of Transportation, issued pursuant to section 212 of the High-

way Law, illegal, null and void. This appeal has been considered with *Matter of Altona Citizens Committee v Town of Altona* (77 AD2d 954). The issue decided herein, the validity of the road closure order, is common to both appeals. Petitioners argue on this appeal that the closure of the roads in question, under State Department of Transportation Order No. 1142, was illegal, because section 212 of the Highway Law allows closure only for lands "wholly owned and occupied by the state." Petitioners assert that at the time of the closure Ganienkeh, and not the State, occupied the land through which the roads passed. Thus, petitioners reason that the express statutory requirements of section 212 were violated by the closures. We reject this conclusion. The order dismissing the petition should be affirmed. Section 212, as originally adopted, related to closing or changing the location of highways passing over lands wholly owned and occupied by the State for farm or prison purposes (L 1920, ch 558, § 1). In 1924, the statute was amended to permit the application of the statute to State lands without regard to their use (L 1924, ch 141). The removal of the restriction that only prison or farm lands were covered by the statute indicates a legislative intention that closure be permitted whenever a State purpose is endangered by a roadway on State land. To effectuate this intention of the Legislature the occupancy requirement of section 212 of the Highway Law should be given a liberal construction. The lease to the Turtle Island Trust was part of a scheme to install Ganienkeh on the State land to promote the State purposes of preservation of native American culture, education of Indians, promotion of racial and cultural harmony and relief of poverty among North American Indian Nations. The discord and previous breaches of the peace detailed in *Drake v State of New York* (97 Misc 2d 1015) clearly support the conclusion that open roads through the Ganienkeh settlement would seriously threaten the accomplishment of the above-enumerated objectives. This State purpose, which is endangered by open roads on this State land, brings the instant situation within the application of section 212 of the Highway Law. In view of the public purpose to which the State land has been put, the State has satisfied the occupancy requirement of section 212. Order affirmed, without costs. Sweeney, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.