■ HOLLY J. TIDBALL, Appellant, v ROBERT J. TIDBALL, Respondent. — Mahoney, P. J. Appeal from an order of the Supreme Court at Special Term (Graves, J.), entered April 12, 1984 in Schenectady County, which denied plaintiff's motion to, *inter alia,* resettle a prior order.

The parties to this action were divorced on January 23, 1979. In February 1979, plaintiff commenced an action to impose a constructive trust on the assets acquired by the parties during

the marriage. After trial and a written decision by the court, dated March 18, 1982, an order was entered on April 20, 1982* which, so far as pertinent herein, stated that "defendant shall be entitled to an offset against plaintiffs [*sic*] interest in the properties upon which the trust is impressed in an amount equal to one-half of the value of the personal property including * * * *jointly held bonds taken by the plaintiff*" (emphasis supplied).

Thereafter, plaintiff sought to enforce the April 20, 1982 order. This resulted in an order, dated November 7, 1983, which, as far as pertinent herein, stated that "plaintiff shall account to the defendant for the value of personal property, including * * * *jointly held bonds and bonds she held in her own name she redeemed during the marriage*" (emphasis supplied). Because of the discrepancy between the decretal directions contained in the April 20, 1982 and the November 7, 1983 orders, plaintiff moved to resettle the November 7, 1983 order. The motion was denied and this appeal by plaintiff ensued.

"Resettlement of an order is a procedure designed solely to correct errors or omissions as to form, or for clarification * * * [and] may not be used to effect a substantial change in or to amplify the prior decision of the court" (*Foley v Roche*, 68 AD2d 558, 566). Here, the order of November 7, 1983 may well have enlarged the scope of the accounting imposed by the original order of April 20, 1982 by including therein bonds held solely in plaintiff's name. Since the change sought is substantial in nature, relief cannot be had by way of a motion to resettle the November 7, 1983 order. A denial of a motion to resettle a substantive portion of an order is not appealable (*Galaxy Intl. v Magnum-Royal Pub.*, 54 AD2d 875, 876). Plaintiff should have sought relief by appeal from the November 7, 1983 order.

Appeal dismissed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.

---

* An appeal was taken to this court from the April 20, 1982 order. We modified the order with respect to ownership of several vehicles (93 AD2d 954, 956). Our modification is not relevant to the issue raised on this appeal.