In the Matter of JOHN J. KELLY, Appellant, v THOMAS C. JORLING, as Commissioner of the Department of Environmental Conservation, Respondent.

Third Department, November 21, 1990

APPEARANCES OF COUNSEL

*Roemer & Featherstonhaugh (E. Guy Roemer* of counsel), for appellant.

*Robert Abrams, Attorney-General (Lawrence A. Rappoport* of counsel), for respondent.

## OPINION OF THE COURT

KANE, J. P.

Crane Pond Road is a gravel and dirt roadway located in the Town of Schroon, Essex County, of which the last 2½ miles (hereinafter referred to as the road) lead through State-owned lands to the edge of Crane Pond. That part of the Adirondack Forest Preserve surrounding the road was reclassified "wilderness" in 1979 and, in 1987, the road itself was reclassified wilderness. In December 1989, respondent issued an order, pursuant to Highway Law § 212, closing the road in accordance with the Adirondack State Land Master Plan. Guidelines within that plan called for the closing of roads which impermissibly allowed for the prohibited use by the public of motorized vehicles and equipment in wilderness areas. Petitioner, the Town Supervisor, subsequently commenced this CPLR article 78 proceeding to challenge respondent's authority to close the road pursuant to Highway Law § 212. Supreme Court found that respondent possessed such authority and dismissed the petition. This appeal followed.

We affirm. Petitioner apparently does not question respondent's jurisdiction over the lands at issue or the State's power to close the road, but instead challenges the specific statutory authority pursuant to which respondent ordered said closing. Highway Law § 212 was amended in 1988 to read as follows: "If a highway passes over or through lands wholly owned and occupied by the state, the location of such portion of such highway as passes through such lands may be altered and changed, or the same may be abandoned or the use thereof as a highway discontinued with the consent and approval of the state authority having jurisdiction or control over such lands by an order directing such change in location, abandonment or discontinuance. Such order shall contain a description of that portion of the highway the location of which has been changed, abandoned or discontinued, and a description of the new location thereof, if any, and shall be filed in the office of the state authority having control of such lands." The 1988 amendment eliminated the need for the Commissioner of

Transportation to issue the order of closure *(see,* L 1988, ch 161, § 2), essentially leaving that decision to the State agency having appropriate jurisdiction *(see,* mem of State Dept of Transp, 1988 McKinney's Session Laws of NY, at 1980-1981). Petitioner argues that the express language of the statute does not specifically authorize respondent to issue an order of closure and that no such power may properly be inferred therefrom. We disagree.

The primary consideration of statutory construction is legislative intent *(see, Matter of Long v Adirondack Park Agency,* 76 NY2d 416, 422; *Hudson City Savs. Inst. v Drazen,* 153 AD2d 91, 93; *see also,* McKinney's Cons Laws of NY, Book 1, Statutes § 92), and courts are to avoid a literal construction when it leads to either a frustration of the over-all design of the Legislature *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 111) or an ineffectually absurd result *(see, Matter of Long v Adirondack Park Agency, supra,* at 421; *see also,* McKinney's Cons Laws of NY, Book 1, Statutes §§ 144, 145). The legislative intent behind Highway Law § 212 was to permit the State to close roads on State lands that endangered a State purpose *(see, Matter of Altona Citizens Comm. v Hennessy,* 77 AD2d 956, 957, *lv denied* 52 NY2d 705). Adopting petitioner's view, that respondent has the power to consent to and approve the closing of a roadway but does not possess the authority to order its closure, would eviscerate the statute and render it meaningless. In our view, the statute's expressed intent provides an ample basis and rationale to conclude that "the state authority having jurisdiction or control over [state] lands" (Highway Law § 212) is empowered to issue orders effectuating that authority. Accordingly, respondent's order was a valid exercise of the statutory power given to the appropriate State agency pursuant to Highway Law § 212.

CASEY, MIKOLL, YESAWICH, JR., and MERCURE, JJ., concur.

Judgment affirmed, without costs.