■ CARL GIFALDI et al., Appellants, v DUMONT CO., INC., Doing Business as DUMONT CHEMICAL COMPANY, et al., Defendants, JEFFERSON CHEMICAL COMPANY et al., Respondents, and INTERSTATE TIRE COMPANY, Appellant. (Appeal No. 1.)—Judgment unanimously affirmed without costs. Memorandum: The court properly dismissed the action against the moving defendants, the suppliers of the component chemicals incorporated into the allegedly defective polyurethane foam insulation in plaintiffs' building. The negligence and products liability claims fail to state a cause of action because the amended complaint does not allege that the component chemicals were unreasonably dangerous at the time they left the hands of the defendants. The allegations of defectiveness are directed exclusively to the polyurethane foam insulation. Absent specific allegations that the components were defective or that the manufacturers knew that their products would be combined to form a dangerous or defective product, the defectiveness of the finished product cannot be imputed to the manufacturers of the components.

Additionally, plaintiffs' negligence and products liability claims fail to state a cause of action because plaintiffs did not identify which entities manufactured the chemicals incorporated into the foam insulation installed in plaintiffs' building.

Generally, identification of the exact defendant whose product allegedly damaged the plaintiff is an essential element of a products liability action *(Hymowitz v Lilly & Co.,* 73 NY2d 487, 504). The rule is the same with respect to negligence claims *(see generally,* 79 NY Jur 2d, Negligence, § 10, at 319). Plaintiffs' inability to identify the proper defendants is not rectified by their attempt to plead theories of alternative liability or concerted action *(see, Hymowitz v Lilly & Co., supra,* at 505-509).

The court properly dismissed plaintiffs' statutory claim. Defendants' alleged violation of the reporting requirement of 15 USC § 2064 (b) does not give rise to a private right of action *(see, Kloepfer v Honda Motor Co.,* 898 F2d 1452, 1457; *Drake v Honeywell, Inc.,* 797 F2d 603, 604-607).

The court did not abuse its discretion in denying the motion to renew. Although plaintiffs presented some new facts in support of that motion, there was no showing that those facts were unknown and undiscoverable at the time of the prior motion. Moreover, to the extent that the court's order denied plaintiffs' motion to reargue all issues in the case, that order is not appealable.

Finally, we note that an order denying a motion to resettle a substantive portion of a previous order is not appealable *(see, Tidball v Tidball,* 108 AD2d 957, 958). Thus, that appeal must be dismissed. (Appeal from Judgment of Supreme Court, Erie County, Mintz, J.—Dismiss Complaint.) Present—Dillon, P. J., Callahan, Denman, Green and Pine, JJ.