■ MARINE MIDLAND BANK, N. A., Respondent, v ROBERT J. MEISNER, Appellant. (Appeal No. 4.)—Appeal from order and judgment insofar as it denied reargument unanimously dismissed without costs *(see, Gifaldi v Dumont Co.,* 172 AD2d 1025, 1026) and order and judgment otherwise affirmed for the reasons stated in decision at Supreme Court, Doyle, J. (Appeal from Order and Judgment of Supreme Court, Erie County, Doyle, J.—Summary Judgment.) Present—Denman, P. J., Boomer, Boehm, Fallon and Davis, JJ.

■ MARINE MIDLAND BANK, N. A., Respondent, v DAVID E. MYERS, Appellant. (Appeal No. 5.)—Appeal from order and judgment insofar as it denied reargument unanimously dismissed without costs *(see, Gifaldi v Dumont Co.,* 172 AD2d 1025, 1026) and order and judgment otherwise affirmed for the reasons stated in decision at Supreme Court, Doyle, J. (Appeal from Order and Judgment of Supreme Court, Erie County, Doyle, J.—Summary Judgment.) Present—Denman, P. J., Boomer, Boehm, Fallon and Davis, JJ.

■ MARINE MIDLAND BANK, N. A., Respondent, v SADASHIV SHENOY, Appellant. (Appeal No. 7.)—Appeal from order and judgment insofar as it denied reargument unanimously dismissed without costs *(see, Gifaldi v Dumont Co.,* 172 AD2d 1025, 1026) and order and judgment otherwise affirmed for the reasons stated in decision at Supreme Court, Doyle, J. (Appeal from Order and Judgment of Supreme Court, Erie County, Doyle, J.—Summary Judgment.) Present—Denman, P. J., Boomer, Boehm, Fallon and Davis, JJ.

■ MARINE MIDLAND BANK, N. A., Respondent, v H. GABRIEL DIAMANT, Appellant. (Appeal No. 8.)—Appeal from order and judgment insofar as it denied reargument unanimously dismissed without costs *(see, Gifaldi v Dumont Co.,* 172 AD2d 1025, 1026) and order and judgment otherwise affirmed for the reasons stated in decision at Supreme Court, Doyle, J. (Appeal from Order and Judgment of Supreme Court, Erie County, Doyle, J.—Summary Judgment.) Present—Denman, P. J., Boomer, Boehm, Fallon and Davis, JJ.

■ MARINE MIDLAND BANK, N. A., Respondent, v ROBERT H. HENLEY, Appellant. (Appeal No. 9.)—Appeal from order and judgment insofar as it denied reargument unanimously dismissed without costs *(see, Gifaldi v Dumont Co.,* 172 AD2d 1025, 1026) and order and judgment otherwise affirmed for the reasons stated in decision at Supreme Court, Doyle, J. (Appeal from Order and Judgment of Supreme Court, Erie County,

Doyle, J.—Summary Judgment.) Present—Denman, P. J., Boomer, Boehm, Fallon and Davis, JJ.

■ MARINE MIDLAND BANK, N. A., Respondent, v JOHN P. KELLY, Appellant. (Appeal No. 10.)—Appeal from order and judgment insofar as it denied reargument unanimously dismissed without costs (see, Gifaldi v Dumont Co., 172 AD2d 1025, 1026) and order and judgment otherwise affirmed for the reasons stated in decision at Supreme Court, Doyle, J. (Appeal from Order and Judgment of Supreme Court, Erie County, Doyle, J.—Summary Judgment.) Present—Denman, P. J., Boomer, Boehm, Fallon and Davis, JJ.

■ In the Matter of LOLA CACCIAGLIA, by DIA ST. GEORGE, Her Attorney-in-Fact, Petitioner, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES et al., Respondents.—Determination unanimously confirmed without costs and petition dismissed. Memorandum: There was substantial evidence to support respondents' determination that petitioner's transfer of her residence and other resources, without consideration and within 24 months of her application for Medicaid benefits, rendered her ineligible for medical assistance. The evidence submitted at the hearing showed that, at the time petitioner made those transfers, she was a resident of a skilled nursing facility and, thus, it was presumed that she was not expected to return home (see, 18 NYCRR 360-1.4 [k] [1]). From our review of the record, we conclude that respondents were justified in determining that petitioner had not met her burden of overcoming that presumption by competent medical evidence (see, 18 NYCRR 360-4.4 [c]). Thus, respondents properly considered the value of petitioner's residence in determining that she was ineligible for medical assistance. There was no proof that, during the 14 months that petitioner remained in the nursing facility prior to the hearing, any attempt was made to obtain the around-the-clock nursing care that might enable petitioner to return home. For four months of that period, she had private medical insurance coverage and there was no showing that it did not cover home care services. Moreover, she did not apply for Medicaid, which might provide such coverage, until almost seven months after she was transferred to the skilled nursing facility.

Because petitioner did not prevail in this proceeding, there is no basis for an award of fees to petitioner's attorney (see, Matter of Ballou v New York State Dept. of Social Servs., 158 AD2d 996, lv denied 75 NY2d 711). (Article 78 Proceeding Transferred by Order of Supreme Court, Monroe County,