■ In the Matter of SIMON GLICK, Appellant, v MORTON SUMMER et al., Respondents. [623 NYS2d 323] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Ramapo dated August 1, 1991, which, after a hearing, denied the petitioner's request to renew a "temporary permit" allowing for the continued "accessory use" of a guest house, the petitioner appeals from a judgment of the Supreme Court, Rockland County (Murphy, J.), dated April 6, 1993, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner purchased real property consisting of a 3.22-acre lot and a small house. The petitioner intended to construct a second, larger residence on the property and sought

permission from the Zoning Board of Appeals of the Town of Ramapo (hereinafter the Zoning Board) to continue to use the smaller, existing house as a guest house for visiting relatives. In 1987 the Zoning Board ruled that the use of the existing house after the completion of construction would constitute an "accessory use" under the Zoning Law of the Town of Ramapo (hereinafter the Zoning Law), and granted a three-year temporary permit allowing for such use. In 1991 the Board refused to renew the permit, indicating that the existing house was not an "accessory use" within the meaning of the Zoning Law. The petitioner contends, *inter alia,* that the Zoning Board could not change its prior interpretation of the Zoning Law and that the Supreme Court erred in finding that the Zoning Board lacked the power to grant the temporary permit in 1987. We disagree.

The Zoning Law provides the Zoning Board with the power to interpret various provisions of the statute, including the meaning of the term "accessory". While the Zoning Board now asserts that its earlier interpretation of "accessory use" was erroneous, it had the power to reach that interpretation. The Board also had the power to change its position since it found its prior interpretation to be erroneous. Administrative agencies are "free, like courts, to correct a prior erroneous interpretation of the law * * * by modifying or overruling a past decision" *(Matter of Field Delivery Serv. [Roberts],* 66 NY2d 516, 519). Thus, the Zoning Board properly exercised its power to reverse its earlier erroneous decision.

In addition, " '[e]stoppel is not available against a local government unit for the purpose of ratifying an administrative error' " *(Matter of Parkview Assocs. v City of New York,* 71 NY2d 274, 282). In any event, to successfully claim estoppel, the petitioner was required to demonstrate that he reasonably relied on the 1987 ruling of the Zoning Board. Since that ruling clearly limited the duration of the temporary permit to three years, the petitioner's reliance on it following its expiration was not reasonable.

The petitioner's remaining contention is without merit. Balletta, J. P., Thompson, Joy and Florio, JJ., concur.