jury's award of $95,000 for decedent's conscious pain and suffering "deviates materially from what would be reasonable compensation" (CPLR 5501 [c]). We therefore remit the matter to Supreme Court for a new trial on the issue of damages for conscious pain and suffering unless defendants stipulate to increase the amount awarded by the jury for that element of damages to the principal sum of $250,000. In addition, remittal is required in any event because Supreme Court must recalculate the judgment by reducing the award by the $50,000 settlement.

We have reviewed the remaining contentions of the parties and conclude that they are without merit. (Appeals from Judgment of Supreme Court, Erie County, Cosgrove, J.—Wrongful Death.) Present—Denman, P. J., Green, Lawton, Wisner and Balio, JJ.

■ COLLEEN RAPPOLD, as Administratrix of the Estate of PATRICIA RAPPOLD, Deceased, Appellant, v DAVID H. WAGNER et al., Respondents. (Appeal No. 2.) [668 NYS2d 111] —Appeal unanimously dismissed without costs (see, Matter of Eric D. [appeal No. 1], 162 AD2d 1051). (Appeal from Order of Supreme Court, Erie County, Cosgrove, J.—New Trial.) Present—Denman, P. J., Green, Lawton, Wisner and Balio, JJ.

■ COLLEEN RAPPOLD, as Administratrix of the Estate of PATRICIA RAPPOLD, Deceased, Appellant, v DAVID H. WAGNER et al., Appellants. (Appeal No. 4.) [668 NYS2d 111] —Appeal from order insofar as it denied resettlement unanimously dismissed and order affirmed without costs. Memorandum: Supreme Court properly denied defendants' motions to vacate the judgment pursuant to CPLR 5015 (a) (3). Defendants failed to establish fraud, misrepresentation or other misconduct by plaintiff that would warrant vacatur of the judgment. To the extent that the order denies defendants' motion to resettle a substantive portion of the judgment, it is not appealable (see, Gifaldi v Dumont Co., 172 AD2d 1025, 1026; Tidball v Tidball, 108 AD2d 957, 958). (Appeals from Order of Supreme Court, Erie County, Cosgrove, J.—Vacate Judgment.) Present—Denman, P. J., Green, Lawton, Wisner and Balio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARY R. SCARPELLO, Appellant. [665 NYS2d 227] —Judgment unanimously affirmed. Memorandum: Defendant was convicted following a jury trial of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]), criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and three counts of criminal possession of a