■ In the Matter of DANIEL J. TORPEY et al., Appellants, v TOWN OF COLONIE, NEW YORK, Respondents. [968 NYS2d 615]—

Spain, J. Appeal from an order of the Supreme Court (McDonough, J.), entered July 6, 2012 in Albany County, which, in a proceeding pursuant to CPLR article 78, denied petitioners' motion to resettle and/or clarify a prior judgment.

In April 2011, petitioners were terminated from their long-term employment with respondent Town of Colonie as fire protection specialist and civil engineer on the ground that they were public officers who were required to but did not meet the residency requirement of the Public Officers Law, relying upon our decision in *Matter of Ricket v Mahan* (82 AD3d 1565 [2011]). Thereafter, petitioners accepted laborer position employment with the Town, for which there is no residency requirement. Petitioners commenced the underlying CPLR article 78 proceeding against respondents alleging that their terminations were arbitrary and capricious and affected by error of law and, accordingly, should be annulled. Petitioners sought to be reinstated to their former positions "with full back pay, benefits and emoluments of employment."

Supreme Court determined that petitioners had been erroneously terminated, finding that respondents had not shown that they were public officers subject to the residency requirements. The court granted the petition,* concluding that petitioners were "entitled to be reinstated to their former positions and to all back pay and associated benefits to which they would have been entitled had they not been improperly terminated." Respondents did not appeal from that judgment. Thereafter, a dispute arose among the parties regarding, among other things, the meaning of the court's directive that petitioners were entitled to "all back pay," i.e., whether the back pay awards must be offset against petitioners' earnings while employed by the Town as laborers, as respondents urged, or whether they were entitled to full back pay without such offset, as petitioners claimed (*see* Civil Service Law §§ 75, 77). Petitioners moved in Supreme Court in February 2012 to resettle and/or clarify the court's prior judgment regarding back pay. The court denied the motion, finding it represented an improper attempt to amplify and expand upon its prior decision. Petitioners now appeal.

Petitioner's motion was one to resettle and/or clarify Supreme Court's prior judgment regarding back pay. Such a motion is designed "not for substantive changes [in, or to amplify a prior decision of, the court], but to correct errors or omissions in

---

* Supreme Court denied petitioners' request for counsel fees, costs and disbursements.

form, for clarification or to make the [judgment] conform more accurately to the decision" (*Simon v Mehryari*, 16 AD3d 664, 666 [2005]; *see Elson v Defren*, 283 AD2d 109, 113 [2001]; *Gannon v Johnson Scale Co.*, 189 AD2d 1052, 1052 [1993]; *see also Miller v Lanzisera*, 273 AD2d 866, 867-868 [2000], *appeal dismissed* 95 NY2d 887 [2000]). Such motions rest on the inherent power of courts to " 'cure mistakes, defects and irregularities that do not affect substantial rights of [the] parties' " (*Bennett v Bennett*, 99 AD3d 1129, 1129 [2012], quoting *Kiker v Nassau County*, 85 NY2d 879, 881 [1995]; *see Matter of Owens v Stuart*, 292 AD2d 677, 678 [2002]).

Here, petitioners' motion sought, unsuccessfully, to amplify and substantively amend, not merely to clarify, Supreme Court's prior judgment relating to back pay, by invoking for the first time Civil Service Law provisions in support of their argument that the back pay award should not be offset by earnings as Town employees during the period in which they had been improperly terminated, points which should have been raised and argued before a determination was rendered on their petition (*see Gannon v Johnson Scale Co.*, 189 AD2d at 1052). Such an offset would directly affect the amount of back pay owed by the Town and, as such, would clearly have "alter[ed] [a] substantial right[ ] of the parties" (*Bennett v Bennett*, 99 AD3d at 1130; *see Gannon v Johnson Scale Co.*, 189 AD2d at 1052; *Tidball v Tidball*, 108 AD2d 957, 958 [1985]).

Under established precedent, no appeal lies from the " 'denial of a motion to resettle [or clarify] a substantive portion of an order' " (*Matter of Biasutto v Biasutto*, 75 AD3d 671, 672 [2010], quoting *Tidball v Tidball*, 108 AD2d at 958; *cf. Stevenson v Lazzari*, 16 AD3d 576, 578 [2005] [order denying motion for resettlement is appealable because the motion merely sought to amend the judgment to reflect the undisputed fact that all claims had been dismissed]; *Bullion v Metropolitan Transp. Auth.*, 161 AD2d 168, 168 [1990] [denial of motion to resettle which does not modify any substantive portion of judgment is appealable]). Moreover, even were we to view petitioners' motion as one to reargue, which Supreme Court indicated would have been untimely (*see* CPLR 2221 [d] [3]), the motion was not "identified specifically as such" (CPLR 2221 [d] [1]), as required, and, in any event, no appeal lies from the denial of a motion to reargue (*see Reynolds v Reynolds*, 92 AD3d 1109, 1110 [2012]). The motion likewise was not denominated as one seeking renewal (*see* CPLR 2221 [e] [1]) and was not based upon "new facts" or "a change in the law" (CPLR 2221 [e] [2]). Accordingly, the appeal must be dismissed.

Stein, J.P., Garry and Egan Jr., JJ., concur. Ordered that the appeal is dismissed, without costs.