■ In the Matter of BENALI, LLC, Appellant, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Respondents. [55 NYS3d 118]—

Appeals by the petitioner from a decision of the Supreme Court, Suffolk County (W. Gerard Asher, J.), dated May 22, 2014, and a judgment of that court entered July 28, 2015. The decision directed that the petition filed pursuant to CPLR article 78 be denied and the proceeding dismissed, and the judgment denied the petition and dismissed the proceeding.

Motion by the respondent New York State Department of Environmental Conservation to dismiss the appeal from the decision on the ground that no appeal lies from a decision. By decision and order on motion of this Court dated November 6, 2015, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is

Ordered that the motion is granted, and the appeal from the decision is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The motion to dismiss the appeal from the decision must be granted, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]).

The petitioner owns an unimproved parcel of real property in the Town of Southold. The parcel has frontage on West Lake. In April 2010, the petitioner applied to the New York State Department of Environmental Conservation (hereinafter the DEC) for a tidal wetlands permit for the construction of a two-story, single-family dwelling, stone driveway, sanitary system, and retaining wall on the property.

On December 29, 2010, the petitioner sent the DEC a five-day demand for a decision on its application pursuant to 6 NYCRR 621.10 (b). 6 NYCRR 621.10 (b) provides that where the DEC fails to mail a decision within the time periods specified in 6 NYCRR 621.10 (a), "the applicant may make notice of that failure, by means of certified mail, return receipt requested, addressed to the commissioner of the Department of Environmental Conservation, *attention: Chief Permit Administrator*, New York State Department of Environmental Conservation, *Division of Environmental Permits*, 625 Broadway, Albany, NY 12233-1750. If authority to issue and deny permits has been delegated by the commissioner to another agency, notice must also be made to the chief executive of such agency. Such notice must contain the applicant's name, location of the proposed project, the office in which the application was filed, the identification numbers assigned to the application in any notice from the department and a statement that a decision is sought according to this subdivision or ECL 70-0109 (3) (b). *Any notice failing to provide this information will not invoke this provision*" (6 NYCRR 621.10 [b] [emphasis added]). 6 NYCRR 621.10 (c) provides that if the DEC "fails to mail the decision to the applicant within five working days of the receipt of such notice, the application will be deemed approved and the permit deemed granted, subject to the standard terms or conditions applicable to such a permit" (6 NYCRR 621.10 [c]; *see* ECL 70-0109 [3] [b]).

On January 7, 2011, the DEC mailed the petitioner a response, denying the application. The response included several substantive reasons for the denial of the permit application and also stated that the determination was made within the five-day period set forth in 6 NYCRR 621.10 (c).

The petitioner challenged the DEC's denial letter as untimely. The matter was referred to an Administrative Law Judge (hereinafter the ALJ). The petitioner waived its right to appeal the denial of its permit on substantive grounds. It only challenged its entitlement to a permit pursuant to 6 NYCRR 621.10 on the ground that the DEC's response to its five-day demand was untimely. The petitioner contended that since the DEC failed to mail its decision within five working days after the receipt of the petitioner's five-day demand letter, the petitioner's permit application should be deemed approved. In opposition, the DEC took the position that the petitioner's five-day demand letter did not invoke the provisions of 6 NYCRR 621.10 (b) because it omitted the words "attention: Chief Permit Administrator" and failed to include "Division of Environmental Permits" in the address.

After holding a legislative hearing and issues conference (*see* 6 NYCRR 624.4 [b]), the ALJ determined that the petitioner was not entitled to a permit pursuant to 6 NYCRR 621.10. The petitioner appealed to the DEC Commissioner (hereinafter the Commissioner). The Commissioner affirmed the ALJ's ruling on the ground that the petitioner's five-day demand did not conform with the requirements of 6 NYCRR 621.10 (b) since it did not include the words "Attention: Chief Permit Administrator" and failed to include "Division of Environmental Permits" in the address. Therefore, the Commissioner determined that the demand did not invoke the provisions of 6 NYCRR 621.10.

The petitioner then commenced the instant proceeding pursuant to CPLR article 78, challenging the Commissioner's determination. The Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.

"An administrative agency's interpretation of the regulations it administers is entitled to deference, and must be upheld if reasonable" (*Matter of Wilson v New York City Dept. of Hous. Preserv. & Dev.*, 145 AD3d 905, 907 [2016]; *see Matter of 427 W. 51st St. Owners Corp. v Division of Hous. & Community Renewal*, 3 NY3d 337, 342 [2004]; *Matter of Gaines v New York State Div. of Hous. & Community Renewal*, 90 NY2d 545, 548-549 [1997]). "However, 'courts are not required to embrace a regulatory construction that conflicts with the plain meaning of the promulgated language' " (*East Acupuncture, P.C. v Allstate Ins. Co.*, 61 AD3d 202, 209 [2009], quoting *Matter of Visiting Nurse Serv. of N.Y. Home Care v New York State Dept. of Health*, 5 NY3d 499, 506 [2005]).

Here, the DEC's interpretation of 6 NYCRR 621.10 (b) is not unreasonable. The DEC interprets the last sentence of 6

NYCRR 621.10 (b), which states, "Any notice failing to provide this information will not invoke this provision," as applying to all of the information set forth in this subdivision, not just the substantive information. This reading is consistent with the plain language of the regulation. The petitioner contends that the reference to "this information" in the last sentence of the subdivision necessarily refers to the substantive information identified in the immediately preceding sentence. However, even assuming the petitioner's reading of the regulation is also rational, this "does not make the [DEC's] interpretation irrational" (*Matter of Elcor Health Servs. v Novello*, 100 NY2d 273, 280 [2003]). Furthermore, the DEC's interpretation makes practical sense, given the very short time frame in which the DEC's Chief Permit Administrator must act on the five-day notices. The Commissioner reasoned that "[r]equiring strict adherence to the specific regulatory requirements with respect to five-day demand letters, including to whom such letters must be addressed (i.e., to the Chief Permit Administrator and the Division of Environmental Permits), serves at least two salutary purposes: the regulated community knows exactly what it must do to commence the five-day period, and the Chief Permit Administrator will know exactly when the five-day clock has commenced running." This reasoning is sound and supports the Commissioner's reading of the regulation.

The petitioner also contends that the Commissioner's determination was arbitrary and capricious because it failed to adhere to the DEC's prior precedent. In this regard, the petitioner relies on a 2006 letter in which the DEC deemed a permit application granted based on the DEC's failure to timely respond to the applicant's five-day demand letter. The petitioner highlights that the five-day demand letter in that case also omitted the words "attention: Chief Permit Administrator" (6 NYCRR 621.10 [b]). In addition, the petitioner relies on a 2008 Memorandum issued by the Chief Permit Administrator, to the DEC's Regional Permit Administrators and Sub-Office Deputies, providing guidance on the procedures used in processing and responding to five-day demand letters. Specifically, the petitioner relies on a footnote in the 2008 Memorandum which states that letters not directed to the attention of the Chief Permit Administrator which are otherwise sufficient, are "routinely accepted as adequate." The petitioner contends that the Commissioner failed to provide a reason for departing from this precedent.

The petitioner is correct that "[a] decision of an administrative agency which neither adheres to its own prior precedent

nor indicates its reason for reaching a different result on essentially the same facts is arbitrary and capricious" (*Matter of Charles A. Field Delivery Serv. [Roberts]*, 66 NY2d 516, 516-517 [1985]; *see Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington*, 97 NY2d 86, 93 [2001]; *Knight v Amelkin*, 68 NY2d 975, 977 [1986]; *Matter of Aliperti v Trotta*, 35 AD3d 854 [2006]). Where an agency departs from an established precedent, it must provide an explanation for the departure so that a reviewing court can "determine whether the agency has changed its prior interpretation of the law for valid reasons, or has simply overlooked or ignored its prior decision" (*Matter of Charles A. Field Delivery Serv. [Roberts]*, 66 NY2d at 520).

Here, the Commissioner did not overlook or ignore the 2006 letter or the 2008 Memorandum. The Commissioner discussed both in his determination and effectively concluded that he was not adhering to the decision reached in the 2006 letter or the language highlighted by the petitioner in the 2008 Memorandum because both contradict the clear language of the regulation. Administrative agencies, like courts, are "free . . . to correct a prior erroneous interpretation of the law" (*id.* at 519; *see Matter of Isabella Geriatric Ctr., Inc. v Novello*, 38 AD3d 356, 357 [2007]; *Matter of Glick v Summer*, 213 AD2d 403, 404 [1995]; *see also Matter of Nozzleman 60, LLC v Village of Cold Spring Zoning Bd. of Appeals*, 34 AD3d 682, 683 [2006]).

The Commissioner also noted that both the 2006 letter and the 2008 Memorandum "expressly state that failure to properly address the five-day letter can result in the [DEC determining] that the five-day provision has not been invoked." Therefore, neither document expresses a clear precedent in that they are internally inconsistent on this issue. As such, contrary to the petitioner's contention, the Commissioner's determination was not arbitrary and capricious.

The petitioner's remaining contentions are either without merit or academic.

Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Balkin, J.P., Cohen, Hinds-Radix and Maltese, JJ., concur.