Matter of Town of N. Elba v New York State Dept. of Envtl. Conservation (2018 NY Slip Op 01369)





Matter of Town of N. Elba v New York State Dept. of Envtl. Conservation


2018 NY Slip Op 01369


Decided on March 1, 2018


Appellate Division, Third Department


Mulvey, J., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 1, 2018

524862

[*1]In the Matter of TOWN OF NORTH ELBA, Petitioner,
v
NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Respondents.

Calendar Date: January 17, 2018

Before: Egan Jr., J.P., Devine, Mulvey, Aarons and Rumsey, JJ.


Briggs Norfolk LLP, Lake Placid (Matt Norfolk of counsel), for petitioner.
Eric T. Schneiderman, Attorney General, Albany (Susan L. Taylor of counsel), for New York State Department of Environmental Conservation, respondent.
Young Sommer LLC, Albany (J. Michael Naughton of counsel), for Adirondack Council, Inc., respondent.


Mulvey, J.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Essex County) to review a determination of respondent Joseph J. Martens finding, among other things, that the subject road had been abandoned.
The dispute at the heart of this proceeding is whether a 3½-mile unimproved thoroughfare known as Old Mountain Road ceased
to be a public road within the meaning of Highway Law § 215 (1) as a result of abandonment through nonuse. The road, which traverses the Towns of North Elba and Keene in Essex County, passes over the Sentinel Range of the Adirondack Park and is located in an area of the Forest Preserve. In 2003, James McCulley, a resident of the Town of North Elba, intentionally drove his snowmobile on a portion of Old Mountain Road in an effort to set the stage for a legal challenge to the asserted jurisdiction of respondent Department of Environmental Conservation (hereinafter DEC) over the road. McCulley was thereafter issued an appearance ticket charging him with a violation of 6 NYCRR 196.2, which limits the use of snowmobiles on Forest Preserve land to trails designated and marked by DEC or to frozen ponds accessible by such trails. Following a bench trial in the Town of Keene Justice Court, McCulley was found guilty of this charge. On appeal, the Essex County Court found legally insufficient evidence to support the [*2]charge and overturned McCulley's conviction (People v McCulley, 7 Misc 3d 1004[A], 2005 NY Slip Op 50439[U] [2005]). Specifically, the court found that the evidence adduced at trial established that Old Mountain Road was a town road that had not been abandoned by the public through nonuse and, as such, McCulley had the right to use the road (id. at *16).
Two months after the reversal of his conviction, McCulley was contacted by a DEC Forest Ranger inquiring whether he had any plans of operating a motor vehicle on Old Mountain Road. Interpreting this as a challenge, McCulley responded that he did in fact intend to do so and followed through with that promise the following day. DEC answered by commencing an enforcement proceeding alleging that McCulley violated 6 NYCRR 196.1, a distinct regulation that prohibits operation of a motor vehicle within the Forest Preserve except, as relevant here, on roads under the jurisdiction of a municipal highway department or those burdened by a public right-of-way [FN1]. Following a three-day hearing, an Administrative Law Judge (hereinafter ALJ) issued a lengthy hearing report recommending dismissal of the charge against McCulley. Therein, the ALJ concluded that Old Mountain Road was undisputedly a town road and that the evidence of heavy recreational use of the road precluded a finding of abandonment pursuant to Highway Law § 215 (1). In May 2009, Alexander Grannis, a former Commissioner of Environmental Conservation, adopted the findings and recommendation of the ALJ with additional comments.
The following month, DEC filed a motion seeking "clarification" of five discrete aspects of the 2009 determination as it pertained to Old Mountain Road, including whether Grannis had properly analyzed the statutory criteria for abandonment of a highway and whether he had correctly analyzed the towns' legal obligations to maintain the road. Soon thereafter, respondent Adirondack Council and the Adirondack Park Agency moved to intervene in support of DEC's application, asserting, insofar as is relevant here, that the 2009 determination failed to take into account the Adirondack Park State Master Plan (hereinafter the Master Plan), which stated that Old Mountain Road had been "closed" by 1987. In December 2010, respondent Peter Iwanowicz, then-Acting Commissioner of Environmental Conservation, granted the intervention motions and set a briefing schedule limited to the issues identified in the motion for clarification.
Nearly five years later, in July 2015, respondent Joseph J. Martens, a former Commissioner of Environmental Conservation, issued a determination largely vacating the 2009 determination. In his ruling, Martens found that the failure of DEC to offer the Master Plan into evidence during the administrative hearing, or to otherwise rely upon such document in support of its argument that the road was abandoned, warranted reconsideration of the issues presented. Upon consideration of the Master Plan, "as well as the record below," Martens concluded that Old Mountain Road was an abandoned town road and that no legal right-of-way for public use existed. Petitioner then commenced this CPLR article 78 proceeding challenging the 2015 determination as, among other things, unlawful, irrational and in excess of authority. The proceeding was subsequently transferred to this Court.
Of the several issues raised by petitioner, we need only address its contention that DEC lacked the authority to reconsider its 2009 determination. Initially, we agree with petitioner that [*3]DEC's motion was improperly denominated as one for "clarification" of the 2009 determination. A motion to clarify is a procedure designed solely "to correct errors or omissions in form, for clarification or to make the order conform more accurately to the decision" (Simon v Mehryari, 16 AD3d 664, 666 [2005]; accord Matter of Torpey v Town of Colonie, N.Y., 107 AD3d 1124, 1125-1126 [2013]; see Elson v Defren, 283 AD2d 109, 113 [2001]; Gannon v Johnson Scale Co., 189 AD2d 1052, 1052 [1993]). Such a motion "may not be used to effect a substantive change in or to amplify the prior [determination]" (Foley v Roche, 68 AD2d 558, 566 [1979]; see Joseph v Baksh, 137 AD3d 1220, 1221 [2016]; Matter of Torpey v Town of Colonie, N.Y., 107 AD3d at 1125-1126; Simon v Mehryari, 16 AD3d at 666; Gormel v Prudential Ins. Co. of Am., 167 AD2d 829, 829 [1990]).
Here, DEC's motion and the submissions in support thereof plainly sought to amplify and substantively amend, not merely to clarify, the 2009 determination with regard to the issue of abandonment of Old Mountain Road. Indeed, the gravamen of the motion was that the evidence of recreational use of Old Mountain Road should not have precluded a finding of abandonment and that Grannis gave insufficient consideration to the Master Plan in rendering the 2009 determination. The fact that DEC was not seeking reinstatement of the enforcement proceeding against McCulley is of no moment, because the ultimate relief sought "would clearly have altered a substantial right of the parties" (Matter of Torpey v Town of Colonie, N.Y., 107 AD3d at 1126 [internal quotation marks, brackets and citations omitted]; see Gannon v Johnson Scale Co., 189 AD2d at 1052).
The motion was, in effect, one to reconsider the 2009 determination. Yet, no statutory authority exists for DEC to reconsider a final determination issued in an administrative enforcement proceeding. Nor do DEC's regulations sanction the action taken by Martens. While the regulations governing enforcement proceedings allow a Commissioner to reopen the hearing record to consider "significant new evidence," the Commissioner may only do so "prior to issuing the final [determination]" (6 NYCRR 622.18 [d]). Plainly, that was not the case here.
"In the absence of any statutory [or regulatory] reservation of discretionary agency authority to reconsider its determinations, New York applies a long-standing policy of finality to the . . . determinations of an administrative agency" (Matter of Centennial Restorations Co. v Abrams, 180 AD2d 340, 344 [1982]; see Matter of Preston v Coughlin, 164 AD2d 101, 102 [1990]; see generally 2 NY Jur Administrative Law § 302). "Public officers or agents who exercise judgment and discretion in the performance of their duties may not revoke their [quasi-judicial] determinations nor review their own orders once properly and finally made, however much they may have erred in judgment on the facts, even though injustice is the result" (People ex rel. Finnegan v McBride, 226 NY 252, 259 [1919] [emphasis added]; accord Matter of County of Niagara v Daines, 79 AD3d 1702, 1704 [2010], lv denied 17 NY3d 703 [2011]; Matter of Centennial Restorations Co. v Abrams, 180 AD2d at 344; see Matter of Evans v Monaghan, 306 NY 312, 323-324 [1954]; cf. Matter of Jason B. v Novello, 12 NY3d 107, 113 [2009]). This is not to say, of course, that an administrative body may never reconsider a previously issued final determination. Under settled law, a final agency determination may be corrected if it suffers from an error that "was the result of illegality, irregularity in vital matters, or fraud" (People ex rel. Finnegan v McBride, 226 NY at 259; see Matter of Drew v State Liq. Auth., 2 NY2d 624, 627-628 [1957]; Matter of Centennial Restorations Co. v Abrams, 180 AD2d at 344; Matter of Ess Pee Bee Realty Corp. v Gabel, 22 AD2d 207, 211 [1964], affd on opn below 16 NY2d 524 [1965]). Likewise, an agency has the inherent authority to reconsider a prior determination to "correct its erroneous interpretations of the law" (Matter of Boone [Shore Rd. Community Serv.—Sweeney], 245 AD2d 617, 620 [1997] [internal quotation marks and citation omitted]; see Matter of Benali, LLC v New York State Dept. of Envtl. Conservation, 150 AD3d 986, 990 [*4][2017], lv denied ___ NY3d ___ [Feb. 13, 2018]), or upon a showing of new information or changed circumstances (see Matter of Sullivan County Harness Racing Assn. v Glasser, 30 NY2d 269, 277 [1972]; Matter of Global Cos. LLC v New York State Dept. of Envtl. Conservation, 155 AD3d 93, 99 [2017], lv denied ___ NY3d ___ [Feb. 20, 2018]).
In our view, Martens' actions here ran afoul of the principle of finality attached to administrative determinations. The sole basis for Martens' decision to reconsider the 2009 determination was his finding that "[DEC] staff did not offer the Master Plan into evidence or otherwise rely upon [that document] in support of its argument that Old Mountain Road was abandoned." While it is true that the Master Plan was not admitted into evidence at the 2007 administrative hearing, it is undisputed that the ALJ took official notice of it (see State Administrative Procedure Act § 306 [4]; 6 NYCRR 622.11 [a] [5]). Accordingly, the Master Plan did not constitute newly discovered evidence or new information that was not in existence at the time of the 2009 determination (cf. Matter of Hernandez v Selsky, 5 AD3d 882, 883 [2004]; compare Matter of Sullivan County Harness Racing Assn. v Glasser, 30 NY2d at 277; Matter of Carter v Adirondack Park Agency, 203 AD2d 788, 789 [1994], lv dismissed 84 NY2d 1026 [1995]). Nor does DEC's purported failure to argue that the Master Plan should govern the status of Old Mountain Road provide a permissible basis for reconsidering the 2009 determination. As DEC correctly concedes, the Master Plan itself could not effectuate a legal abandonment of Old Mountain Road. To the contrary, abandonment can only occur pursuant to the statutory criteria set forth in the Highway Law and the case law interpreting it (see Highway Law §§ 205, 205-b, 206, 211-a, 211-b, 212, 212-a).
Moreover, the Master Plan, prepared by the Adirondack Park Agency in consultation with DEC, serves only as a "guide [to] the development and management of state lands in the Adirondack [P]ark" (Executive Law § 816 [1]). While the 1987 version of the Master Plan does contain a factual statement that Old Mountain Road "has been closed," it is beyond cavil that "the relevant inquiry [in assessing whether a road has been abandoned by nonuse] is whether travel on the road, whether by vehicle or on foot, continued to occur 'in forms reasonably normal, along the lines of an existing street'" (Ciarelli v Lynch, 69 AD3d 1008, 1010 [2010], quoting Town of Leray v New York Cent. R.R. Co., 226 NY 109, 113 [1919]; see Dandomar Co., LLC v Town of Pleasant Val. Town Bd., 142 AD3d 681, 682 [2016]). In other words, "it is the substantive facts themselves which establish abandonment" (Matter of Van Aken v Town of Roxbury, 211 AD2d 863, 865 [1995], lv denied 85 NY2d 812 [1995]; see Matter of Smigel v Town of Rensselaerville, 283 AD2d 863, 864 [2001] [noting that "(a) determination of abandonment of a road by nonuse is a factual determination" dependent upon the actual condition and use of the road during the statutory period]; Daetsch v Taber, 149 AD2d 864, 865 [1989] [holding that intent is irrelevant in determining whether a road has been abandoned by nonuse]; see e.g. Ciarelli v Lynch, 69 AD3d at 1010; Matter of Wills v Town of Orleans, 236 AD2d 889, 890 [1997]; Matter of Faigle v Macumber, 169 AD2d 914, 915-916 [1991]). Thus, the Master Plan's bare statement that Old Mountain Road had been "closed" as of 1987 was simply another morsel of proof bearing on the factual question of whether the road had been legally abandoned through nonuse for the statutory six-year period.
Ultimately, Martens' decision to reconsider the 2009 determination rested upon his opinion that Grannis gave insufficient consideration to the Master Plan in concluding that Old Mountain Road had not been abandoned through nonuse. That Martens chose to accord more weight to the Master Plan than that given to it by Grannis does not, however, provide a legal basis for reconsidering and vacating the final 2009 determination (see Matter of Murray v Teachers' Retirement Bd., 258 NY 389, 392-393 [1932]; People ex rel. Finnegan v McBride, 226 NY at 259; Matter of Equitable Trust Co. of N.Y. v Hamilton, 226 NY 241, 244-245 [1919]; [*5]Matter of Centennial Restorations Co. v Abrams, 180 AD2d at 344). Succinctly stated, an administrative body's "mere change of mind is insufficient" (People ex rel. Finnegan v McBride, 226 NY at 259; accord Matter of County of Niagara v Daines, 79 AD3d at 1703; see Matter of D & D Realty Corp. v Coster, 277 App Div 668, 671-672 [1951]). For these reasons, we conclude that Martens acted in excess of his authority in vacating, upon reconsideration, the 2009 determination on the issue of abandonment of Old Mountain Road.[FN2]
Egan Jr., J.P., Devine, Aarons and Rumsey, JJ., concur.
ADJUDGED that the determination is annulled, without costs, and petition granted.



Footnotes

Footnote 1: McCulley then commenced a federal action against DEC alleging, among other things, violations of his constitutional rights, and the action was subsequently stayed pending the resolution of this enforcement proceeding (McCulley v New York State Dept. of Envtl. Conservation, 593 F Supp 2d 422 [ND NY 2006]).

Footnote 2: Our holding does not necessarily leave DEC without recourse. In their briefs, both DEC and the Adirondack Council maintain that closure of Old Mountain Road is necessary to protect certain state objectives relevant to the Adirondack Park. Without taking any position on that issue, we note that Highway Law § 212 vests DEC with the authority to order the abandonment or discontinuance of a road passing over or through lands within the Forest Preserve whenever a state purpose is endangered by such road (see Matter of Kelly v Jorling, 164 AD2d 181, 182-183 [1990], lv denied 77 NY2d 807 [1991]; Matter of Altona Citizens Comm. v Hennessy, 77 AD2d 956, 957 [1980], lv denied 52 NY2d 705 [1981]).