Hutchings v Garrison Lifestyle Pierce Hill, LLC (2020 NY Slip Op 06327)





Hutchings v Garrison Lifestyle Pierce Hill, LLC


2020 NY Slip Op 06327


Decided on November 5, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 5, 2020

529716

[*1]Carole A. Hutchings et al., Plaintiffs,
v
Garrison Lifestyle Pierce Hill, LLC, et al., Defendants, and Cenova, Inc., Appellant, and a Great Choice Lawncare and Landscaping, LLC, Respondent.

Calendar Date: September 14, 2020

Before: Garry, P.J., Clark, Devine, Pritzker and Colangelo, JJ.


Smith, Sovik, Kendrick & Sugnet, PC, Syracuse (David M. Katz of counsel), for appellant.
Williamson Clune & Stevens, Ithaca (John H. Hanrahan 3d of counsel), for respondent.



Colangelo, J.
Appeal from an order of the Supreme Court (Reynolds Fitzgerald, J.), entered July 3, 2019 in Broome County, which denied a motion by defendant Cenova, Inc. for resettlement.
This personal injury action, now settled, was commenced by plaintiff Carole A. Hutchings and her spouse, derivatively, for monetary damages arising from injuries sustained by Hutchings as a result of a slip and fall accident on an icy parking lot. At the time of the accident, the parking lot was owned by defendant Garrison Lifestyle Pierce Hill, LLC and/or defendant Garrison Investment Group, LP (hereinafter collectively referred to as Garrison) and managed by defendant Levin Management Properties and/or defendant Levin Properties, L.P. (hereinafter collectively referred to as Levin). Defendant Cenova, Inc. was under contract with Levin to provide snow removal and related services at the premises, and Cenova subcontracted with defendant A Great Choice Lawncare and Landscaping, LLC for the provision of these services. Following joinder of issue and motion practice, Supreme Court dismissed the complaint against Cenova and Great Choice and granted summary judgment in Cenova's favor on its indemnification claim against Great Choice based upon an indemnification provision set forth in their subcontract. On appeal by plaintiffs and Great Choice, this Court affirmed the dismissal of the complaint against Cenova and Great Choice and found that Great Choice's appeal from that part of the order granting Cenova's motion seeking indemnification had been rendered academic (157 AD3d 1034, 1037 [2018]).
Thereafter, Cenova moved for summary judgment and for an order of civil contempt against Great Choice for its failure to indemnify Cenova for its costs and counsel fees incurred in the defense of plaintiffs' action and in defense of the cross claims. In a decision and order entered December 7, 2018, Supreme Court found that, although there could be no judgment or verdict of negligence against Cenova that Great Choice would be required to indemnify, Great Choice remained contractually obligated to indemnify Cenova for its counsel fees and expenses in defending the action brought by plaintiffs.
In January 2019, Cenova moved for an order of contempt against Great Choice for its failure to indemnify it and to resettle Supreme Court's December 2018 order, asserting that it is entitled to indemnification by Great Choice regarding any verdict or settlement against Garrison and Levin given that Cenova was contractually obligated to indemnify those parties. As such, Cenova requested that the court's December 2018 order be resettled to specifically reflect that alleged contractual obligation. Supreme Court denied the motion to resettle, and Cenova appeals.
"'Resettlement of an order is a procedure designed solely to correct errors or omissions as to form, or for clarification. It may not be used to effect a substantive change in or to amplify the prior decision of the court'" (Matter of Joan HH. v Maria II., 174 AD3d 1189, 1190 [2019], quoting Foley v Roche, 68 AD2d 558, 566 [1979]; see CPLR 2221; Matter of Town of N. Elba v New York State Dept. of Envtl. Conservation, 160 AD3d 74, 78 [2018]). "Under established precedent, no appeal lies from the denial of a motion to resettle or clarify a substantive portion of an order" (Matter of Torpey v Town of Colonie, N.Y., 107 AD3d 1124, 1126 [2013] [internal quotation marks, brackets and citations omitted]). Cenova's motion does not seek to amend or clarify the prior order, but seeks to modify a substantive portion of the prior order. As such, the denial of said motion is not appealable (see id.).
Garry, P.J., Clark, Devine and Pritzker, JJ., concur.
ORDERED that the appeal is dismissed, with costs.